Penniman<br>v.<br>French.

---

## MARY GARDNER *versus* JOHN WEBBER.
## SAME *versus* SAME *et al.*

In assumpsit on a promissory note, the defendant pleaded the general issue and a special plea setting forth that the note was executed in order to indemnify the plaintiff against certain indorsements to be made by him for the defendant's accommodation, and that the plaintiff had not suffered damage by reason of any liability so incurred. It was *held*, that the facts stated in the special plea amounted to the general issue; and that such plea might be struck out on motion, under the rule of court providing that any plea which shall appear to the court unnecessary or improper, will be struck out at the motion of the plaintiff.

An action is deemed to have been commenced on the day of the date of the writ. Thus, where a writ was filled up and dated before the expiration of the time limited by the statute of limitations for bringing the action, it was *held*, that the action was not barred by the statute, although the writ was not served until such time had expired.

Where a promissory note secured by mortgage was given in order to indemnify the promisee against any loss which he might suffer by reason of his subsequently indorsing for the accommodation of the promisor, and the promisee did accordingly indorse for the promisor, it was *held*, that such note was not void as against creditors of the promisor whose claims accrued after such indorsements were made.

By an agreed statement of the parties the following facts appeared.

The first of these cases was assumpsit on a promissory note, dated April 16, 1828, for the sum of $5000, made by the defendant, payable to Samuel J. Gardner or his order, on demand, with interest. The note was indorsed to the plaintiff in blank, prior to May 28, 1832, but the indorsement was filled up at the bar, with the date of April 15, 1834. The writ was dated April 15, 1834, and was served on April 24, 1834, by attaching divers parcels of real estate then belonging to the defendant.

The action was defended by John J. Clarke, in pursuance of the provisions of *St.* 1823, *c.* 142, and *St.* 1832, *c.* 159, passed for the prevention of fraud in the attachment of real or personal estate.

Gardner
v.
Webber.

The defendant pleaded the general issue, and *actio non accrevit infra sex annos.*

Two other pleas were offered. The first set forth that at the time when the note in suit was made, the defendant, Webber, agreed with the payee, that if the payee would from time to time indorse certain notes for Webber's accommodation, Webber would pay him, as a compensation therefor, a commission of one half of one per cent for every month, during which the payee should remain liable as such indorser, upon and for all moneys obtained by Webber, by virtue of the notes so indorsed, and that he would indemnify the payee against all losses arising in consequence of such indorsements ; that Webber executed the note in suit, in pursuance of this agreement and in order to indemnify the payee ; that on April 9, 1833, long after the note was executed and delivered, the payee indorsed the same to the plaintiff ; that the payee had suffered no damage by reason of any liability by him incurred for Webber previously to April 9, 1833, when the note in suit was indorsed and transferred ; and that the plaintiff had not suffered damage by reason of any liabilities incurred by her and the payee, or either of them, for Webber. The second special plea was the same, with the exception that the averment relating to the commission to be paid by Webber, to the payee, was omitted.

On motion of the plaintiff, both these pleas were rejected by the court, as amounting to the general issue. The defendant excepted to this ruling.

It appeared from the evidence, that the writ in this action was actually made on the day when it bore date.

On the trial of the issue of *actio non accrevit,* &c. the judge ruled, that the date of the writ was the time of the commencement of the action. This ruling was objected to by the defendant, and the question was reserved.

The second action was a writ of entry, declaring upon a seisin of the plaintiff within thirty years, and a disseisin by the defendants.

Webber disclaimed, and judgment was rendered for him on his disclaimer. Clarke, the other defendant, pleaded *nul disseisin.*

The plaintiff claimed under a mortgage made by Webber to Samuel J. Gardner, on April 16, 1828, which was conditioned to be void, upon payment of the sum of $5000 by We:ber, his heirs, &c., on demand, with interest. This mortgage was, on November 20, 1834, assigned to the plaintiff.

Gardner, the payee, who was called as a witness, testified, that at the time when the note in suit and the mortgage were made, it was the understanding of the parties, that the note and mortgage should be a security for such indorsements as the payee should make for Webber ; that about the time when the note and mortgage were actually delivered to the payee, he commenced indorsing for Webber, and continued so to do, until the beginning of August 1834, when Webber failed ; that all the notes indorsed for him, of a date previous to January 8, 1834, were taken up by Webber ; that the amount of the payee's liabilities as indorser, at the time of Webber's failure, was about $8500 ; that he has since been compelled to take up notes to that amount, which had been indorsed by him for Webber ; that the plaintiff had never indorsed any notes nor incurred any liabilities for Webber ; that the payee indorsed the note in suit, to the plaintiff, two or three years ago, as collateral security for about the sum of $3000, which he then owed to her and which is still due. The payee also testified, that Webber was indebted to him at the time when the note and mortgage were made.   But it was proved by the testimony of Webber, that the only demand which the payee had against him at that time, was a note of $1400, secured by a mortgage of real estate, which was paid before the failure.

On May 3, 1828, the payee executed and gave to Webber a writing, whereby he promised to discharge and annul the note and mortgage, on demand, whenever Webber should pay to him whatever sums of money he then owed or might owe to the payee, and should save him harmless from all damages which he might sustain by reason of his indorsing any note for Webber or rendering himself responsible in any way, on his account, and should moreover discharge the payee from his promise to indorse certain notes for him

Gardner
*v.*
Webber.

If the special. pleas in the first action were not correctly ruled out, or if the ruling of the judge at the trial in relation to the time of the commencement of the action should be considered erroneous by the whole Court, then a new trial was to be ordered.  If the Court should be of opinion, that the plaintiff was entitled to recover, Webber was to be defaulted, and judgment rendered for such sum as the Court should think the plaintiff entitled to recover ; otherwise the plaintiff was to become nonsuit.

*Oct.* 27*th.*    *C. P. Curtis* and *Clarke,* for the defendants.    The rejec tion of the special pleas by a single judge, and on motion merely, was erroneous.    The plaintiff should have demurred. 3 Bl. Comm. 306 ; Amer. Prec. 418 ; *Wheeler v. Curtis,* 11 Wend. 654.    The special pleas do not amount to the general issue.    1 Chitty on Pl. (6 Amer. edit.) 515.

In this State an action is to be deemed as commenced when the writ is served, and not at the time when it is dated.    It is not a misdemeanor to make any alteration in a writ before it is given to the officer.    *Johnson* v. *Farwell,* 7 Greenl. 370 *Badger* v. *Phinney,* 15 Mass. R. 359 ; *Shed* v. *Brett,* 1 Pick 401 ; *Jencks* v. *Phelps,* 4 Connect. R. 149 ; *Spalding* v. *Butts,* 6 Connect. R. 28 ; *Harris* v. *Woolford,* 6 T. R. 617 , *Brown* v. *Babbington,* 2 Ld. Raym. 880 ; Angell on Limitations, 321.

The note in suit was given to secure the payee against in dorsements subsequently to be made.    There was therefore no consideration for the note existing at the time when it was given, and therefore it was void.    1 Com. on Contr. 12, 16, 17 ; 1 Powell on Contr. 354 ; *Nichols* v. *Raynbred,* Hob. 88 ; *Cooke* v. *Oxley,* 3 T. R. 653 ; *Jackson* v. *Florence,* 16 Johns. R. 48 ; *Jackson* v. *Delancey,* 4 Cowen, 431 ; *Cushing* v *Gore,* 15 Mass. R. 69 ; *Lees* v. *Whitcomb,* 5 Bingh. 34 , 1 Dane's Abr. 118.    The " understanding of the parties " was not sufficient.    There was no obligation on the part of the payee to indorse.    If any such obligation ever existed, it still exists, and for an indefinite period and amount.    There may have been times, when the payee was not an indorser for Webber to any amount, and yet this note was to be in force against Webber the whole time.    It might have been transfer-

Gardner
*v.*
Webber.

red by the payee before it was due, and Webber would also have been liable upon it, and also on the notes indorsed by the payee for his accommodation.

*Metcalf* and *Leland*, for the plaintiff, to the point, that the special pleas amounted to the general issue, and might be rejected on motion before a single judge, cited *Jackson* v. *Stetson*, 15 Mass. R. 54 ; Wms's Hobart, 127 *a*, note ; Steph. on Pl. 416 ; Gould on Pl. 346 to 352 ; *Maggs* v. *Ames*, 4 Bingh 470 ; to the point, that the action was commenced when the writ was dated, and not when it was served, *St.* 1786, *c.* 52 ; 21 *Jac.* 1, *c.* 16 ; *Taylor* v. *Hipkins*, 5 Barn. & Ald. 489 ; *Johnson* v. *Smith*, 2 Burr. 950 ; *Johnson* v. *Farwell*, 7 Greenl. 370 ; *Society for Propagating the Gospel* v. *Whitcomb*, 2 New Hampsh. R. 227 ; *St.* 1793, *c.* 75 ; *Ford* v. *Phillips*, 1 Pick. 204 ; *Badger* v. *Phinney*, 15 Mass. R. 359 ; Howe's Pr. *bk.* 1, *c.* 9 ; and to the point, that it is not necessary that the consideration should exist at the time when the promise is made, and that a contingent liability, which subsequently becomes absolute, is a sufficient consideration, *Train* v. *Gold*, 5 Pick. 384 ; *Cushing* v. *Gore*, 15 Mass. R. 69 ; *Stevens* v. *Bell*, 6 Mass. R. 342.

PUTNAM J. subsequently drew up the opinion of the Court. This is assumpsit upon a promissory note, by the indorsee against the maker. The defendant has properly pleaded the general issue, and the statute of limitations. He has pleaded two other pleas, both admitting the making of the note, but stating substantially that it was given as an indemnity against certain indorsements made or to be made by the promisee for the accommodation of the maker, and that neither the promisee nor the plaintiff has been damnified. The plaintiff objected to those pleas as amounting to the general issue, and the court rejected them. Whether the rejection was right, is the question.

The second rule of the Regulæ Generales, 16 Mass. R. 370, after speaking of double pleading, goes on to prescribe, " that if any one or more of the pleas so filed shall appear to the court to be unnecessary or improper, the same will be struck out, at the motion of the plaintiff or demandant." That was the old rule of the common law. *Warner* v. *Wainsfort*, Hob. 127. The remedy is properly by motion,

Gardner
*v.*
Webber.

and it is addressed to the sound discretion of the judge. He may allow or he may reject the motion, as shall seem to be proper or necessary. The rejection is not made merely because the facts, which are set forth in the plea, would not constitute a sufficient defence, but because it might be unnecessary to incumber the record with a long statement of facts which might as well be proved to the jury under the general issue.

Now the pleas under consideration went to a denial of the plaintiff's right to recover, at the time when he commenced his action. " Every thing (says Mr. Lawes, in his Pleadings in Assumpsit, 525) may be given in evidence under the general issue [of non assumpsit] which disaffirms the contract, or which shows that it was not to be performed at the commencement of the action. These pleas fall precisely within the latter clause of the rule, viz. that when the plaintiff sued his action, he had no right to recover. We all think, that they were unnecessary, inasmuch as the facts might be given in evidence under the general issue, and also because they unreasonably incumbered the record. The ruling of the judge at the trial was right.

The next question is, whether the suit was commenced within six years after the cause of action arose. The writ bears date on April 15, 1834, one day before the expiration of six years from the date of the note, but it was not served until the 24th of the same April, eight days after the expiration of six years from the date of the note. The question then is, whether the date or the service of the writ is the commencement of the action. It has certainly been understood in Massachusetts, that the day of the date was the commencement of the action. It is *primâ facie* evidence only, and admits of evidence to rebut the presumption arising from the date ; but until rebutted, the presumption is to prevail, that the true date appears ; and that date is the commencement of the suit. In the case of *Ford* v. *Phillips*, 1 Pick. 202, the Court speak of a fact which took place " *after* the action was commenced and before the writ *was served*." In that case the promise was made while the defendant was an infant. A new promise was made by him after he became of age ; but it was made while the writ was in the

officer's hands. But it was held, that as the action was commenced before the new promise was made, it could not be maintained. So in *Badger* v. *Phinney*, 15 Mass. R. 364, this Court held, that the writ may be considered as purchased at any moment of the day of its date which will most accord with the truth and justice of the case.

In the case at bar the presumption is confirmed by the direct evidence, that the writ was purchased on the day it bears date. The ruling of the judge was right, as to this point. So the case is not within the statute of limitations.

The only question which remains to be considered is, whether the evidence reported is sufficient to enable the plaintiff to recover. *Primâ facie* the note was for a valuable consideration. It is for the defendant to disprove it. Now it is proved, that the indorsements which the payee made for the maker, were made after the note was given, and it has been contended by the defendant, that there was no consideration existing at the time the note was given, and so the note was void. But the proof is, that the note was given to secure the payee from indorsements which he should thereafter make for the maker. And it is further proved, that the payee went on to perform his part of the contract, and did indorse to a great amount for the maker, relying without doubt upon the security which he had given. In the case of *Train* v. *Gold*, 5 Pick. 384, the Court said, that " it was not necessary that the consideration should exist at the time of making the promise ; for if the person to whom the promise was made, should incur any loss, expense, or liability, in consequence of the promise and relying upon it, the promise thereupon becomes obligatory." And a case is put by way of illustration of the position, which is very much like the case now under consideration. " Thus if A promises B to pay him a sum of money if he will do a particular act, and B does the act, the promise becomes binding although B at the time of the promise does not engage to do the act. In the intermediate time, the obligation of the contract or promise is suspended ; for until the performance of the condition of the promise, there is no considertaion, and the promise is *nudum pactum* ; but on the performance of the condition by the promisee, it is clothed with

35 *

a valid consideration, which relates back to the promise, and it then becomes obligatory."

This seems to be decisive for the plaintiff. The giving collateral security to indemnify against liabilities to be incurred thereafter, is liable to some suspicion on the ground of fraud, but there is no objection to such a transaction if it be explained, and proved to be fair. In the case at bar no fraud is suggested. And the liabilities were incurred long before the claims of the creditors arose.

As the note was indorsed as collateral security by the payee to the plaintiff, the defendant has been properly admitted to give in evidence such matters as would have been permitted, if the suit had been in the name of the payee. And it appears, that the liabilities assumed by the payee for the maker, by indorsements for his accommodation, were to an amount exceeding the note sued for in this action.

The plaintiff is entitled to recover as much as the payee would be. And he would not be entitled to recover upon his mere liability, but such sum as he shall prove that he has actually paid in consequence of his liability, before the judgment shall be rendered. This was the rule adopted lately in Essex, in the case of *Little* v. *Little*, 13 Pick. 426. The judgment will be for the plaintiff in this case accordingly.

And in the writ of entry upon the mortgage between the same parties, the demandant will be entitled to a conditional judgment, as upon a mortgage, redeemable by the payment of the amount ascertained to be justly due in the action upon the note.