Cowin, J.
This is an action for declaratory judgment as to the rights of the parties under an Employers Non-Ownership Liability Endorsement contained in a standard Massachusetts Motor Vehicle and Physical Damage insurance policy. The only undecided issue remaining is the counterclaim of the defendant Offices Unlimited, Inc. (“OUI”) against the plaintiff Lumbermens Mutual Casualty Company (“Lumbermens”), alleging violation of G.L.c. 93A, §11. Both parties have now moved for summary judgment on the c. 93A claim. For the reasons set forth below, the motion for summary judgment of the plaintiff Lumbermens is ALLOWED, and the motion for summary judgment of the defendant OUI is DENIED.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
On January 12, 1988, Gary E. Rand (“Rand”), a pedestrian, was struck and injured by a pick-up truck driven by and belonging to OUI employee Marc Poirier (“Poirier”), while Poirier was on official business for OUI. On January 13, 1989, Rand filed suit in this Court against OUI based on the theory of respondeat superior (Middlesex Superior Court Civil Action No. 89-0592). This underlying claim was ultimately settled by OUI and its primary and umbrella insurers, Lumbermens and third-parfy defendant Federal Insurance Company (“Federal”) respectively, for $750,000.
Thereafter, Lumbermens denied coverage for the underlying claim, and brought this action for declaratory judgment, alleging that the pick-up truck was a vehicle of the commercial 1ype that was used frequently in OUI’s business, and was therefore not covered by the Non-Ownership Endorsement of OUI’s insurance policy. OUI brought a counterclaim against Lumbermens, alleging violations of G.L.c. 93A, §11, based on Lumbermens’ denial of coverage and on Lumbermens’ allegedly unfair and deceptive settlement practices in failing to inform OUI of the progress of settlement negotiations with Rand. The defendants then moved for summary judgment on all claims. On December 30, 1992, this Court issued a Memorandum of Decision and Order on Defendants’ Joint Motion for Summary Judgment which allowed summary judgment and declared that the policy did cover the accident. The Decision and Order denied summary judgment on the G.L.c. 93A claim in order to give the parties more time to consider recent case law on the issue. Lumbermens ultimately paid $375,000 to Rand in settlement of the underlying claim, and OUI’s umbrella insurer, Federal, paid the remaining $375,000.
The defendants have now renewed their motion for summary judgment on the G.L.c. 93A claim, and plaintiff has in turn filed a cross-motion for summary judgment.
DISCUSSION
Summary judgment is appropriate if there is no dispute as to the material facts and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 34 Mass. 414, 422 (1983); Community National Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
General Laws c. 93A, §11 provides:
Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by any other person who engages in any trade or commerce... may, as hereinunder provided, bring an action ... for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper. (Emphasis supplied.)
Even assuming that Lumbermens’ actions were unfair and deceptive with respect to OUI, OUI has not demonstrated that it has suffered a “loss of money or property” within the meaning of G.L.c. 93A, §11. Baldassari v. Public Fin. Trust, 369 Mass. 33, 45 (1975); Halper v. Demeter, 34 Mass. App. Ct. 299, 304 (1993); G.L.c. 93A, §11.
The Supreme Judicial Court has established the standard for what constitutes “loss of money or property:”
We think. .. that. . . ‘money’ means money, not time, and that ‘property’ means the kind of property *50 that is purchased or leased, not such intangibles as a right to security, to peace of mind, or to personal liberty. A different question would be presented if it were alleged that the plaintiffs paid debts they did not owe, lost wages or other income, or suffered expenses.
Baldassari, supra at 45. Although Baldassari concerned c. 93A claims brought under §9, Baldassari was written when §§9 and 11 contained identical language in the “loss of money or property” provision.[2]
The strict Baldassari standard has been applied by the Appeals Court in several recent cases. In Levy v. Bendetson, 6 Mass. App. Ct. 558, 566-67 (1978), plaintiff purchased a building in reliance on defendant’s misrepresentations. The Court determined that there was no loss of money or property since the Court allowed rescission of the contract, even though the Court found that the defendant’s misrepresentations were unfair and deceptive. In Homsi v. C.H. Babb Co., 10 Mass. App. Ct. 474, 480-481 (1980), the Court said that this was the “different question” (which would constitute loss of money or property) referred to in Baldassari, because the plaintiffs had shown some transportation expenses and lost interest on their funds as a result of their reliance on the defendant’s misrepresentations. An actual loss of money had been suffered and the plaintiffs were therefore entitled to attorney’s fees under c. 93A.[3] In Bump v. Robbins, 24 Mass. App. Ct. 296 (1987), misrepresentations by the defendant caused the plaintiff to expend some effort in an attempt to sell a business that was actually worthless. The Court held, at 312:
There is evidence of out-of-pocket expenditures for travel and long-distance telephone calls, time spent at meetings and in other related activities, and the usual charges Bump made for his time. The evidence of a loss of money or property, although not substantial in amount, was sufficient to satisfy G.L.c. 93A, §11. Compare Baldassari v. Pub. Fin. Trust, 369 Mass. 33, 45 (1975); Homsi v. C.H. Babb Co., 10 Mass. App. Ct. at 480-81.
Here again, actual loss of money was shown.
One recent Supreme Judicial Court case raises some uncertainty about the Baldassari standard, however, and about how stringently the loss of money or property requirement of §11 is to be interpreted. In a case focusing on the attorneys fees provision of § 11, the Court stated in dicta:
Under §11, a plaintiff must be entitled to relief in some other respect in order to be entitled to an award of attorney’s fees ... A plaintiff suing under §11, however, cannot recover attorney’s fees for merely identifying an unfair or deceptive act or practice. Under §11, that unfair or deceptive conduct must have had some adverse effect upon the plaintiff, even if it is not quantifiable in dollars.
Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 718 (1989) (emphasis added). In Jet Line, the Supreme Judicial Court held that Jet Line could recover for attorneys fees and simply said:
The same conduct that warranted finding an estoppel also requires the conclusion that [the defendant] engaged in unfair and deceptive acts or practices . . . Surely Jet Line sustained a loss because of that conduct.
It it unclear whether this language in Jet Line can be reconciled with the strict Baldassari interpretation that “ ‘money’ means money.” The Appeals Court in Halper v. Demeter, supra, discusses the difficulty of reconciling Jet Line’s “not quantifiable in dollars” language with the literal language of §11 requiring “loss of money or property.”[4]
It is possible that Jet Line can be reconciled with the earlier cases because the Court notes in Jet Line that it involved “special circumstances, not likely to be repeated often.” Jet Line Services, Inc., supra at 715.
Jet Une may indicate that the Supreme Judicial Courtis reconsidering the Baldassari standard. Given the explicit holding of Baldassari, however, the language in Jet Line is not sufficiently strong for this Court to adopt it. The Superior Court must act according to Baldassari which still appears to be the law. Therefore, as a matter of law, under Baldassari, OUI has sustained no “loss of money or property” as required by G.L.c. 93A, §11. As OUI pointed out in its original Memorandum in Support of Motion for Partial Summary Judgment, at p. 7, “it is undisputed that either or both the [Lumbermens’ and Federal] policies fully cover . . . [OUI’s] liability and provide for OUI’s defense costs, and that OUI has no exposure whatsoever on account of the Accident.” OUI now asserts that it has sustained a loss because its primary insurer only agreed to pay one-half the settlement amount to Rand, requiring OUI’s umbrella insurer Federal to cover the remainder. OUI contends that the fact that it voluntarily undertook to obtain umbrella coverage should be irrelevant in this matter, and that the $375,000 loss still somehow redounds to OUI. The two cases OUI cites for this proposition, Vencill v. Continental Casualty Co., 433 F. Supp. 1371 (S.D.W.Va. 1977), and Commercial Union Ins. Co. v. Medical Protective Co., 426 Mich. 109 (1986), are not Massachusetts cases and do not purport to interpret G.L.c. 93A. In addition, the cases are not on point. They both involve judgments or settlements against the insured where the amount in question exceeded the limits of the primary policy. Here, where declaratory judgment had been entered ordering OUI’s insurers to cover the claim against OUI, it is clear as a matter of law that OUI sustained no “loss of money or properly” simply because its umbrella insurer agreed to pay half of the amount of the settlement of the underlying claim.
This conclusion is supported by recent legislative action in this area. The Legislature amended §9 in 1979, four years after the Baldassari decision, to grant recovery to “[a]ny person . . . who has been injured.” §11 has not been amended. The conclusion to be *51 drawn is that the Legislature was content with the stricter standard for § 11.
ORDER
For the foregoing reasons, the motion for summary judgment of the plaintiff is hereby ALLOWED, and the motion for summary judgment of the defendant is hereby DENIED.

 The requirement under §9 has since been replaced with the much broader “[a]ny person . . . who has been injured,” St. 1979, c. 406, §1.

 Entitlement to attorneys fees raises the same issue of whether “loss of money or property” has occurred, since attorneys’ fees may only be awarded where the plaintiff has first shown that he is entitled to “relief in some other respect” under §11. Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 718 (1989); G.L.c. 93A, §11, para. 6.

 Indeed, the Hcdper Court urged the legislature to amend §11, as it did §9, to adopt a less strict standard for recovery, “acknowledg[ing], as did the Court in Baldassari, that such narrow interpretation of the words ‘loss of money or property’ is ‘not entirely satisfactory.’ ” Halper, supra at 305 (citations omitted).