Per Curiam.

It is not necessary, in this case, to consider whether the property could be reclaimed by the plaintiffs, out of the hands of a bona fide purchaser ignorant of the fraud by which Walker obtained possession. As the possession of the goods by Walker, with the appearance of ownership, was with the consent of the plaintiffs, it is probable such sale would be held good, (a)
The case here is very different. The plaintiffs endeavor to recover their merchandise, as soon as the fraud practised upon them is discovered. It never had become the property of Walker, and the right of the plaintiffs to reclaim it against him is indisputable. He had done no act * by which any of his creditors had been deceived with respect to this property; for their debts all existed before he acquired the possession. They claim title to it as his, not as their property; yet they cannot, under the circumstances proved, and the fact of fraud found by the jury, establish it as his. They are in the same condition, as to their debts, they were in before the commission of the fraud; and they ought not to reap the fruits of it, no credit having been given on account of this property. (b)

Judgment on the verdict.

а) Vide Parker vs. Patrick, 5 T. R. 175. — Harwood vs. Smithy 2 T. R. 750.— Parker vs. Gillies, 2 Camp. 336, n.

 Noble vs. Adams, 7 Taunt. 39. — Kilby vs. Wilson, R. & M. 178.— Taylor vs. Plumer, 3 M. & 562. — Helps vs. Glenister, 8 B. & Cr. 553. — Hawse vs. Crow, 1 R. & M. 414.— Gladstone vs. Hawden, 1 M & S. 517. — Earl of Bristol vs. Wilmore, l B. & C. 514. — Rapp vs. Lapham, 2 B. & A. 795. — Parker vs. Gillies, 2 Camp. 336 — Fergusson vs. Carrington, 9 B. & Cr. 59. — Palmer vs. Hand, 13 Johns. 454.