## WILDER S. THURSTON *et al. versus* EDWIN A. BLANCHARD.

If a purchase of goods is effected by means of fraudulent representations on the part of the vendee, the vendor may maintain trover for the goods against the vendee, without a previous demand.

So if the fraudulent vendee gives his own negotiable note for the price of the goods, the vendor may maintain such action without a previous tender of the note, provided the note has not been negotiated but remains in his hands and is produced at the trial to be surrendered to the defendant.

TROVER, to recover the value of certain goods alleged to have been obtained by the defendant, from the plaintiffs, by means of false and fraudulent pretences.

The trial was before *Putnam* J. It appeared, that the goods were purchased of the plaintiffs by the defendant, by means of false representations, on or about the 22d day of March, 1837, for the sum of $677·77 ; that the defendant gave his negotiable promissory note for the amount, payable in six months ; that such note had been in the possession of the plaintiffs ever since it was given ; that they had never offered to give it up to the defendant ; and that they had not made a demand upon him, for the goods, before commencing this suit. The plaintiffs however produced the note in court, at the trial, and there offered to give it up, or to put it on the files of the court ; but the defendant declined taking it, and it was placed on the files.

The defendant offered no evidence in his defence, but relied upon the facts, that the note had not been given up or tendered to him by the plaintiffs, and that no demand had been made upon him for a return of the goods.

A verdict was taken for the plaintiffs, by consent.

If the Court should be of opinion, that the action could be maintained, judgment was to be rendered on the verdict ; otherwise, the plaintiffs were to be nonsuited.

*March 9th*    *Choate* and *S. Parker*, for the defendant. It was incumbent on the plaintiffs to rescind the whole contract before they could take the goods. The note of the defendant was negotiable, and until it was returned to him he was not placed

*in statu quo* before the sale. It will be admitted, that if property of value was given to the plaintiffs by the defendant, it should be returned. But it is not necessary in this point of view, that the property so given should be of value to the plaintiffs ; it should be returned, if its retention might be injurious to the defendant. Now the institution of this action does not render the note of the defendant void ; for if the plaintiffs should become insolvent, the defendant could not avoid paying the note. The plaintiffs could, after bringing this action, have attached all the property of the defendant on the note, or have negotiated the note, it not being then due. Chitty on Contr. 188, 276 ; *Kimball* v. *Cunningham*, 4 Mass. R. 502 ; *Conner* v. *Henderson*, 15 Mass. R. 319 ; *Hunt* v. *Silk*, 5 East, 449 ; *Burton* v. *Stewart*, 3 Wendell, 236 ; *Turnpike Company* v. *Commonwealth*, 2 Watts, 433 ; *Ritchie* v. *Summers*, 3 Yeates, 531 ; *Marston* v. *Baldwin*, 17 Mass. R. 606 ; *Badger* v. *Phinney*, 15 Mass. R. 364.

Under our law a demand of the goods was necessary on the part of the plaintiffs. The sale was voidable and not void, even if the evidence proved that the goods were obtained under false pretences. The *title therefore passed*, voidable only at the election of the vendor. *Rowley* v. *Bigelow*, 12 Pick. 307 ; *Somes* v. *Brewer*, 2 Pick. 191 ; *M'Carty* v. *Vickery*, 12 Johns. R. 348 ; Brown on Sales, 417.

*W. J. Hubbard* and *Watts*, for the plaintiffs. A tender of the note to the defendant was not necessary. It is true, that where a vendor sells to a fraudulent vendee and receives money or money's worth, he must return it, before he can maintain trover for the goods. But if the vendee has parted only with his own promise, it is otherwise. The note remained in the hands of the plaintiffs ; and no inconvenience or loss was sustained by the defendant.

It was not incumbent on the plaintiffs to make a formal demand on the defendant for the goods, before bringing his action, the original taking being tortious. Buller's N. P. 44 ; *Lamb* v. *Clark*, 5 Pick. 193 ; *Woodbury* v. *Long*, 8 Pick. 543 ; *Bates* v. *Conkling*, 10 Wendell, 391 ; *Seaver* v. *Ding-*

*ley*, 4 Greenl. 318 ; Saund. on Pl. and Evid. 881 ; *Bristol* v. *Wilsmore*, 1 Barn. & Cressw. 514.

SHAW C. J delivered the opinion of the Court. We are now to take it as proved in point of fact, to the satisfaction of the jury, that the goods, for which this action of trover is brought, were obtained from the plaintiffs by a sale, but that this sale was influenced and effected by the false and fraudulent representations of the defendant. Such being the case, we think the plaintiffs were entitled to maintain their action, without a previous demand. Such demand, and a refusal to deliver, are evidence of conversion when the possession of the defendant is not tortious ; but when the goods have been tortiously obtained, the fact is sufficient evidence of conversion. Such a sale, obtained under false and fraudulent representations, may be avoided by the vendor, and he may insist that no title passed to the vendee, or any person taking under him, other than a *bonâ fide* purchaser for value and without notice, and in such case the seller may maintain replevin or trover for his goods. *Buffinton* v. *Gerrish*, 15 Mass. R. 156.

The only important question is, whether the plaintiffs had done enough to rescind the contract and reclaim their goods in this action, without first tendering back the note of the defendant, which they had received on the sale. We are to take it as proved, that this was a negotiable note ; that it had not been negotiated, either at the time the action was brought, or at the trial, or at any time ; on the contrary, that it had always remained with the plaintiffs unindorsed, and was produced at the trial and offered to be surrendered, and placed on the files of the court for the defendant's use.

The rule undoubtedly is, that if the vendor under such circumstances would rescind the contract, and take back his property, if he has received a valuable consideration, he must restore it, whether it be money or goods, or the negotiable security of a third person. *Kimball* v. *Cunningham*, 4 Mass. R. 502.

The precise question then is this, whether the vendee's own note not negotiated, comes within the rule. Had it not been negotiable, we think it quite clear, that there would be no necessity of returning it. Rescinding the contract for the sale,

rescinds the contract of payment by the vendee. A note not negotiable, would have been nothing more than an express promise to pay for the goods, and would have been avoided with the sale. The Court are of opinion, that a note, though payable to order, whilst it remains in the hands of the promisee, the vendor of the goods, is to be put on the same footing, and that the delivering it up was not a condition precedent to bringing the action. If not produced at the trial, to be surrendered, it might be presumed that it had been negotiated, and that would have been a bar to the action, upon the rule stated.

It is somewhat analogous to a class of cases, which, though they do not arise here on account of our rule, treating a negotiable note given for goods sold as payment, yet are common in England and New York, where a different rule prevails. When a note is given on a sale of goods, but is not paid at maturity, the action is brought for goods sold, and the note is produced at the trial, to be surrendered, and to show that it is not outstanding. If not thus produced, the presumption would be, that it had been negotiated and was outstanding ; and if it was so, the vendor could not recover as for goods sold. The negotiable security, actually negotiated and outstanding, would be deemed payment. But if not outstanding, such negotiable security would be deemed as only a collateral promise for the payment of the goods, and need not be tendered before bringing the action for goods sold and delivered.

*Judgment on the verdict for the plaintiffs.*