## BRADLEY *vs.* OBEAR.

Where goods are obtained by a purchase, effected through the fraudulent representations of the vendee, the vendor may rescind the contract, on the discovery of the fraud, and reclaim the goods.

If, however, the fraudulent vendee, before the contract is rescinded, sell the goods to a *bona fide* purchaser, for a valuable consideration, without notice, the latter will obtain a good title.

A creditor of the fraudulent vendee, whose debt existed at the time of the purchase, cannot prevent the vendor from rescinding the contract, by a mere attachment of the goods, as he cannot thereby obtain a better right in the goods than that of his debtor.

But a subsequent creditor, who may be supposed to have given credit upon the apparent ownership of the vendee, may hold the goods, if he attach them before the contract is rescinded by the vendor.

Upon a question whether a purchase was fraudulently made, by a vendee, in anticipation of his insolvency ; evidence tending to show that he fraudulently purchased other and similar goods, about the same time, by means of similar

Bradley v. Obear.

pretences, may be admitted; having a tendency to show his fraudulent intent in the case under consideration.

REPLEVIN, for a horse. Plea, property in one Albert L. Merriam, and avowing the taking of the horse, as his property, by the defendant, as deputy sheriff, on a writ against Merriam, November 30, 1837, with a traverse.

Replication, property in the plaintiff, and issue.

The horse was formerly the property of the plaintiff, and was sold by him to Merriam, November 21, 1837, on a credit of thirty-nine days, at Lowell, Massachusetts.

It was proved that Merriam's property was mostly attached in October, 1837; that he failed, and absconded in December, 1837; and evidence was offered, tending to show that the plaintiff was induced to sell the horse to Merriam by his false and fraudulent representations that he was able to pay for him, he well knowing that he was insolvent and unable to pay.

The court instructed the jury, that if they believed the plaintiff was induced to sell the horse to Merriam, by his false and fraudulent representations as to his ability to pay for the same, he then well knowing that he was insolvent and unable to pay, and not intending to pay, the sale was void in law, and the plaintiff was entitled to recover.

The horse was attached by the defendant in this county, where he had been sent by Merriam. The plaintiff and Merriam resided in Lowell, at the time of the sale.

In order to prove the fraudulent intent of Merriam, and his knowledge of his insolvency, the plaintiff offered evidence tending to show that at Danvers, Massachusetts, about the 10th of December, 1837, Merriam obtained of another person similar property, by similar fraudulent representations; to which the defendant objected, but the evidence was admitted.

The jury having found a verdict for the plaintiff, the defendant moved for a new trial, on account of the admission of this testimony, and for alleged misdirection.

Bradley *v.* Obear.

*Farley & Preston*, for the defendant, contended, that the sale, at most, was only voidable, not void ; and that it could not be avoided, after the attachment by the defendant. They cited 4 *Mass. R.* 405, *Hussey* vs. *Thornton ;* 5 *D. & E.* 175, *Parker* vs. *Patrick ;* 2 *Pick. R.* 184, *Somes* vs. *Brewer ;* 10 *Johns. R.* 185, *Jackson* vs. *Henry ;* 17 *Mass. R.* 110, *Lanfear* vs. *Sumner ;* 4 *Greenl. R.* 345, *Gilbert* vs. *Hudson.*

*P. Clark, & G. Y. Sawyer*, for the plaintiff, cited 15 *Mass. R.* 156, *Buffinton* vs. *Gerrish ; Ditto* 359, *Badger* vs. *Phinney ;* 13 *Johns. R.* 434, *Palmer* vs. *Hand ;* 4 *Greenl. R.* 306, *Seaver* vs. *Dingley ; Ditto* 172, *McKenney* vs. *Dingley ;* 3 *Johns. R.* 235, *Allison* vs. *Matthieu ;* 2 *Stark. Ev.* 378, *Tit. Coin.*

PARKER, C. J. It seems to be well settled, that where goods are obtained by a purchase, which is effected through the fraudulent representations of the vendee, the vendor may rescind the contract, on the discovery of the fraud, and reclaim the goods. 15 *Mass. R.* 156, *Buffinton* vs. *Gerrish ;* 4 *Greenl. R.* 306, *Seaver* vs. *Dingley ;* 3 *Johns. R.* 233, *Allison* vs. *Matthieu.*

If, after such purchase, the fraudulent vendee makes sale of the goods to a third person ; who purchases without notice, *bona fide,* for a valuable consideration ; the last purchaser will obtain a good title. 10 *Johns. R.* 185, *Jackson* vs. *Henry ;* 15 *Mass. R.* 158 ; 5 *D. & E.* 175. But a creditor who attaches the goods, as the property of the fraudulent vendee, does not stand in the same situation. He can claim no greater right in the goods than the debtor had, unless he has given the debtor a credit under such circumstances that he may be supposed to have relied upon the possession of the property, as furnishing evidence that the debtor had the means of payment ; or, in other words, unless he may be supposed to have given the party a credit on the faith that he was the owner of the goods, and the fraudulent pur-

chaser has thus obtained a false credit by means of the goods.

In *Hussey* vs. *Thornton*, 4 *Mass. R.* 405, Chief Justice Parsons intimated an opinion, that had the demands of the creditors originated while the goods were in the possession of the purchasers, so that it might fairly be presumed that a false credit was given them, the creditors might have held the goods. And in *Gilbert* vs. *Hudson*, 4 *Greenl. R.* 345, the court held, that where goods were purchased by means of fraudulent representations made by the buyer, the party defrauded could not avoid the sale, and claim the goods, against an attaching creditor of the fraudulent purchaser, whose debt accrued subsequent to the sale. We think this principle may well stand. If the party does not reclaim his property until the fraudulent purchaser, having the open, visible possession, has contracted other debts, they may be presumed to have been contracted by reason of a false credit given by the appearance of being the owner; and if such creditor has attached, before the contract is rescinded, the loss should not fall on the innocent party; who gave credit upon faith that one who had the possession of goods, under an actual contract of sale, was in fact the real owner.

But it does not appear here that the debt upon which the defendant made the attachment, or any part of it, accrued subsequent to the purchase by Merriam, and this is not to be presumed. The defendant, unless he is a subsequent creditor, can stand in no better situation, in this respect, than Merriam himself would have done, had the action been brought against him.

The evidence that Merriam purchased another horse, about the same time with that which is the subject of this suit, by means of similar fraudulent pretences, was rightly admitted, as having some tendency to show his fraudulent intent in the present case. 4 *Greenl.* 172, *McKenney* vs. *Dingley ; Ditto* 320 ; 3 *Johns. R.* 233 ; *Whittier* vs. *Varney, ante* 291.

*Judgment for the plaintiff.*