By the Court, Cowen, J.
Clearly, the proof tended to show that William Hotailing obtained the goods fraudu *313 lently; and it is not denied that fraud, especially if it be indictable, may so far avoid a sale that ail action of trover will lie. It is denied, however, that an action of trespass will lie; and it is said that therefore this action of replevin for a wrongful taking, which is strictly concurrent with trespass, will not.
The general doctrine is perfectly settled, that fraud avoids a contract of sale. (Bristol v. Wilsmore, 1 Barn. & Cress. 514. Kilby v. Wilson, 1 Ryan & Moody, 178. Root v. French, 13 Wendell, 570.) These were all cases of buying goods, with a preconceived design of not paying for them. In the first, Abbott, Gh. J. said, “ it prevented the property passing.” In the second, he said the same thing. And in Root v. French, Savage, Ch. J. states the same rule; but suggests a distinction as to the remedy, which was not in the case, and which, on more reflection, I am sure he would have repudiated. M'Carty v. Vickery, (12 John. R. 348,) ón certiorari from a justice’s court, decides that trespass will not lie in such a case; and even adds, that the property is changed. But no case is cited, nor any principle or analogy mentioned on which to rest either proposition. And there are numerous cases to the contrary. That the property does not pass, I add to the cases already cited, the following! Allison v. Mathieu, (3 John. R. 235, 8;) Van Kleef v. Fleet, (15 id. 147, 151;) Buffington v. Gerrish, (15 Mass. R. 156;) Abbotts v. Barry, (5 Moor. 98, 102;) Lupin v. Marie, (2 Paige, 169;) Andrew v. Dieterich, (14 Wendell, 31;) Mowrey v. Walsh, (8 Cowen, 238;) Tamplin v. Addy, (id. 239, note;) Putnam, J. in Badger v. Phinney, (15 Mass. R. 364;) Irving v. Motley, (7 Bing. 543; 5 Moor. & P. 380, S. C.) . All these cases hold, in terms, what was asserted by Dallas, Ch. J. in Abbotts v. Barry, viz. “The sale being'efiecteá by fraud, it is clear that a sale of this description works no change of property: The wines must be considered as remaining in the plaintiffs, as the original owners."
This being so, the civil remedies of the party defrauded" are dear, viz. trover, or replevin in the detinet; or trespass' *314 or replevin, in the cepit, at his election. Trover will lie without demand and refusal, because the original taking is tortious. (Thurston v. Blanchard, 22 Pick. 18, 20.) I admit that Buffington v. Gerrish speaks nothing in favor of the remedy, as for a trespass; because, although the action was replevin, this has long since been holden in Massachusetts to lie for a mere unlawful detention. (Badger v. Phinney, 15 Mass. R. 359. Baker v. Fales, 16 id. 147, 150, and cases cited at the last page. Marston v. Baldwin, 17 id. 606.) But for the purposes of the civil remedy, however it may be with the criminal, on the distinction between bailment and sale, the cases with the exception of M'Carty v. Vickery are all one way, if we take the point as established, that neither works any change in the property of the goods. The general and absolute ownership still remains in the vendor or bailor; and not only the original interference with the property on the part of the vendee or bailee, but any subsequent acts of ownership on his part, may bp considered as an unlawful or tortious taking. (Putnam, J. in Badger v. Phinney, 15 Mass. R. 359, 364, and in Baker v. Fales, 16 id. 147, 150.) The general owner holds the constructive possession of personal property; and this is sufficient to maintain trespass, though the actual possession be in another. (Putnam, J. ut supra. Putnam v. Wyley, 8 John. R. 432. Thorp v. Burling, 11 id. 285. Aiken v. Buck, 1 Wendell, 466. Root v. Chandler, 10 id. 110.) It is said, that the owner consented to the taking, and were that so, it would undoubtedly be a sufficient answer. ■ But consent, in law, is more than a mere formal act of the mind. It is an act unclouded by fraud, duress, or sometimes even mistake. (Putnam, J. ut supra, 15 Mass. R. 364. Poth. Obl. pt. 1, ch. 1, § 1, pl. 19.) This is plain enough with. regard to executory contracts, not under seal. They are, if obtained by fraud, mere nullities,.; and the defendant, when sued upon them, may say he did not promise, however full and formal may have been his ostensible promise. The rule has been as broadly laid down in respect to simple *315 contracts of sale, by most of the cases already cited, respecting fraud in such contracts. In Wilkins' case, (1 Leach, 522, 3, 4th ed.,) Gould, J. said : “ It is a rule of law, equally well known and established, that the possession of the true owner cannot be divested by a tortious taking. So, where goods are taken from the true owner, by means of fraud." An act may be void as to one person, or for one purpose, though not as to another person, or for another purpose. It would not lie with the vendee to allege the fraud, and he might therefore be charged for the price, as a purchaser. Whether he shall be so charged, or treated as a trespasser, lies in the election of the injured party. (Walworth, Ch. in Lloyd v. Brewster, 4 Paige, 541.) So, in one case, it was held, that the contract of sale is not always void as against a bona fide purchaser from the fraudulent vendee. (Mowrey v. Walsh, ut supra. Rowley v. Bigelow, 12 Pick. R. 307, S. P.) In the latter case, Shaw, Ch. J. said : “ They [the vendors] might treat the sale as a nullity, and reclaim their goods.” At least, as between the immediate parties, the vendor may say to the vendee, “I was not the agent of sale and delivery. You took the goods from me by means of false representations, and, in a legal sense, without my consent, and against my will.”
Even a contract under seal, executory or executed, may be treated as void, if fraud have been committed in procuring its execution.
That the owner’s mere manual delivery of goods, will not save the deliveree from the imputation of trespass, is illustrated in the case of a bailment obtained with an intent to deprive the owner of his property. The bailee is considered as the taker, and may be convicted of larceny, under an indictment alleging that he feloniously stole, took and carried away the property, contrary to the owner’s consent. The form of a sale, unless within the statute as to false pretences, saves him from the charge of taking in a criminal sense; but for all civil purposes, there is no delivery any more than in the case of bailment. In other *316 words, for the purposes of a civil suit, the sale is void; though for the purposes of a criminal prosecution, it is voidable only. Within the issue of not guilty, in trespass, or noncepit in replevin, there is no more ¡a taking in the case of the fraudulent bailment, than in that of the fraudulent sale.
The degree of fraud, therefore, as whether it be indictable or not, is of no consequence on the question of nullity, when we speak in a civil sense. This was held in so many words, by the case of Irving v. Motley. That the fraud need not amount to the obtaining of goods under false pretences, within the statute, Park, J. took particular pains to show, in consequence of what counsel had sought to infer from a previous case in the decision of which he had participated; viz: Noble v. Adams, (2 Marsh. 366. See the opinion of Park, J. 5 Moore & Payne, 396.)
Root’s testimony should have been admitted. On questions of intent to defraud, other acts similar to the offence charged, done at or about the same time, or when the same motive to offend may reasonably be supposed to have existed as that which is in issue, are. admissible with a view to the quo animo. The case of fraud is among the few .exceptions to the general rule, that other offences of the accused are not relevant to establish- the main charge. The authorities are quite numerous, both in this and other courts. Most of them are cited in Cowen & Hill’s ed. of 1 Phil. Ev. note 333. p. 452; id. note 352, p. 485. In Irving v. Motley, (7 Bing. 543, 5 Moore & Payne, 380, S. C.) such evidence was received to establish the very kind, of fraud now iti question before us. The reason for its reception was given by Alderson, J. (Vid. 5 Moore & Payne, 398.) Rowley v. Bigelow, (12 Pick. 307,) is also to the same point, in all respects. (Vide also Jackson, ex dem. Bigelow, v. Timmerman, (12 Wendell, 299; M’Elwee v. Sutton, 2 Bail. 128; Lowry v. Pinson, id, 324.)
The result is, that the motion for a new trial should be granted, the costs; to abide the. event.
New trial granted.