JOHN JOHNSON *vs.* MANLOVE JOHNSON.

Quere. Will replevin lie in any other case than that of an unlawful *taking?*

Does *Hazzard* vs. *Burton* ante p. 62, go to that extent? At all events there must be an unlawful *detention.*

A purchaser, therefore, at a sheriff's sale, must *demand* the goods before he can maintain replevin.

A court of law will not recognize the right of a married woman to acquire property and transact business independent of her husband, though such a power is claimed under a marriage contract.

THIS was an action of replevin for a horse. The sheriff returned replevied, and delivered to plaintiff. Pleas, non cepit modo et forma; cepit in alio loco; and property in Rebecca Johnson.

The plaintiff claimed property in the horse by purchase at a sheriff's sale, on execution process at his suit against the defendant, Manlove Johnson. He proved the judgment and execution; and to prove the levy and sale, called the deputy sheriff, who proved that he sold the horse to John Johnson for $8 at sheriff's sale: the horse was not present, but was said to be in the stable. He served the replevin, and delivered the horse to plaintiff. Manlove Johnson was not there. His wife said it was her horse. M. Johnson did not refuse to give him up, but said he was not his. No demand was made for the horse before or after the sale. M. Johnson had been in possession of the horse two or three months before the sale; and continued in possession from the sale to the replevin. He used him as his own. Rebecca Johnson, the wife of defendant, claimed all the property on the farm as her separate property.

The defence rested on the pleas of non cepit, and property in Rebecca Johnson. Evidence was offered of a marriage contract, dated 29th of March, 1838, and recorded 30th of December, 1842, between Manlove Johnson and Rebecca Poynter, which secured to each party all their property respectively. The wife was possessed of a horse before marriage; which *she* exchanged, after marriage, for this horse.

*Mr. Cullen* contended, that the property in the horse at the time of sale was in the husband, notwithstanding the marriage contract and separate dealing of the wife.

*Layton* and *McFee*, contra.—There is no proof of the taking. Replevin is like the action of trespass; it supposes a tortious taking. It originated in cases of tortious taking, property for rent; it has been extended to other cases, but still, cases of tort. There is no proof of this here. No demand of M. Johnson after the sale, and no act

by M. Johnson which would amount to a taking. There must be either a tortious taking, or an illegal detention, which will be equal to an unlawful caption. (1 *Ch. Plead.* 160 ; 10 *Johns. Rep.* 369-71 ; 1 *Ibid* 384-5 ; 7 *Ibid* 139-43 ; 17 *Ibid* 116 ; 3 *Wend. R.* 242 ; 15 *Johns. Rep.* 458.)

*Cullen*, in reply.—This point was made in the case of Hazzard *vs.* Burton, and it was there decided, that replevin would lie; on the ground that the ownership of the property drew to it the possession, and the purchaser at a sheriff's sale could bring replevin without a demand.

*The Court* directed a verdict for plaintiff; and entered a rule, on their own motion, to show cause why the verdict should not be set aside, and a judgment entered for the defendant on the plea of non cepit, for misdirection of the court on the question whether this action could be sustained on the proof as to the *taking.*

As to the idea of a defence under the marriage contract, and dealings with the wife, independently of the husband, in consequence of it, the court regarded such defence in a court of law, as confusing all legal ideas of the relation of husband and wife.

By marriage the separate existence of the wife, is in point of law, merged in the wife ; her liabilities are his ; her acts are his ; and if done in his house or presence, are presumed to be done by his command. There may be rights growing out of the marriage contract, which might be enforced in a court of equity ; but in a court of law, and where there are no trustees in whom the legal title to the wife's property is vested to assert that right of property, a wife cannot set up any separate claim to her husband's property, or pretend to any independent action in relation to it.

On the rule to show cause, *Mr. Layton* cited 10 *Johns. Rep.* 373 ; 12 *Wend. Rep.* 29 ; 1 *Chitty's Pl.* 164 ; 7 *Johns. Rep.* 140 ; 5 *Mass. Rep.* 283-4 ; 14 *Johns. Rep.* 87 ; 15 *Mass. Rep.* 156, 359 ; 15 *Johns. Rep.* 401.

*Mr. Cullen* referred to Hazzard *vs.* Burton, ante p. 62, to show that replevin would lie for an *unlawful detention.* That decision was a departure from the English and New York law. (15 *Mass. Rep.* 340 ; 16 *Ibid* 146-7 ; 3 *Steph. N. P.* 2636.)

*By the Court:*

BOOTH, *Chief Justice.*—Even if replevin would lie for an unlawful detention, this action could not be supported, for there was no demand, and no evidence of a conversion.

It has heretofore always been considered the law of this State, that replevin would lie only in case of an unlawful taking. We hesitated at the trial on account of the reference to Hazzard *vs.* Burton, but it appears by that case, that there was a demand and refusal to give up the goods, and therefore an unlawful detention, if not an unlawful taking from the sheriff by relation as a trespass ab initio.

Judgment for defendant.

*Cullen,* for plaintiff.
*Layton* and *McFee,* for defendant.