### Edmund K. Bussing & another *vs*. Caleb Rice.

Where goods, which have been obtained by means of a fraudulent purchase, are seized under a warrant of insolvency, as the property of the buyer, the seller may maintain replevin therefor, against the messenger, without a previous demand.

This action, which was replevin for the recovery of certain goods described in the writ, was tried before *Ward*, J., in the court of common pleas.

The plaintiffs introduced evidence to prove that the goods in question were sold and delivered by them to Merrick Cooley, on the 27th of June, 1845, in the city of New York, on a credit, which the plaintiffs were induced to give, by reason of false and fraudulent representations made by Cooley, as to his circumstances and ability to pay for the goods.

The defence was, that the defendant took the goods as messenger, under a warrant of insolvency duly issued, requiring him to take possession of all the estate, real and personal, of Merrick Cooley; and that this action could not be maintained against him without a previous demand of the goods.

The judge ruled, that a previous demand was not necessary; and a verdict being thereupon found for the plaintiff, the defendant excepted.

*R. A. Chapman*, for the defendant. The defendant, having as much right, under his warrant, as an attaching officer, the taking was not unlawful. *Gates* v. *Gates*, 15 Mass. 310. If the taking was not unlawful, the detention could not become so, until after a demand. The messenger would not be a wrong-doer, until the sale had been avoided; for, until the seller elected to avoid the sale, the goods belonged to the estate of the buyer. *Whipple* v. *Thayer*, 16 Pick. 25; *Page* v. *Crosby*, 24 Pick. 211. See also *Hoffman* v. *Noble*, 6 Met. 68.

*H. Morris*, for the plaintiff. Where goods have been obtained by fraud, the owner may maintain an action to recover them, without a previous demand. *Thurston* v. *Blanchard*, 22 Pick. 18. The defendant cannot be in a

better condition than Cooley. *Buffington* v. *Gerrish*, 15 Mass. 156; *Seaver* v. *Dingley*, 4 Greenl. 306. Replevin will lie for a wrongful taking, without a previous demand. *Galvin* v. *Bacon*, 2 Fairf. 28; *Badger* v. *Phinney*, 15 Mass. 359; *Baker* v. *Fales*, 16 Mass. 147, 151.

METCALF, J. These exceptions cannot be sustained. The plaintiffs had a right to avoid the sale which was obtained from them by the false and fraudulent representations of Cooley, the insolvent debtor, and might have maintained an action of trover or replevin against him, without first demanding the goods; the original taking by him being wrongful. *Thurston* v. *Blanchard*, 22 Pick. 18; *Ayers* v. *Hewett*, 1 Appl. 281; *Buffington* v. *Gerrish*, 15 Mass. 156. In the latter case, it was also decided that when goods are thus obtained, the vendor may maintain an action of replevin against an officer who attaches them as the property of the vendee, on a suit against him by one of his creditors who has no knowledge of his fraudulent representations. As against the vendor, the taking of the goods by the officer was held to be wrongful. So, in the present case, the taking by the defendant, as messenger, was wrongful, as against the plaintiffs, and gave them a right to replevy the goods, without demanding a return of them. See also *Acker* v. *Campbell*, 23 Wend. 372.

We perceive no difference in principle between the case of an officer, who is commanded, by a writ, to attach the property of a defendant, and the case of a messenger, who is commanded, by a warrant, to take the property of an insolvent debtor. In either case, the taking, in order to be rightful, must be confined to the property of the party against whom the precept is issued; and the rights of third persons, whom such party has deceived and defrauded by false representations, cannot be impaired by the writ or the warrant, or the proceedings thereon.

The ruling, at the trial, was right, and the plaintiffs are to have judgment on the verdict.