## ROBERT P. WIGGIN *vs.* JONATHAN DAY.

A person who by the form of a sale fraudulently obtains possession of chattels, with the intent never to pay for them, has no property which his attaching creditor can hold against the vendor.

In replevin of goods on the ground that they were obtained by the defendant from the plaintiff by fraud, evidence of other similar frauds practised by the defendant upon third persons about the same time is competent evidence.

REPLEVIN of two wagons, attached by the defendant as a deputy sheriff on mesne process against Hiram E. Brastow. Trial in the court of common pleas before *Perkins*, J., who signed a bill of exceptions, in substance as follows :

The plaintiff testified that he sold the wagon to Brastow for cash, and contended that by reason of the nonpayment of the price according to agreement the property had not passed. The instructions of the court on this point were not excepted to.

The plaintiff also, as evidence that Brastow bought these wagons with the intent and purpose not to pay for them, offered to show that, about the time of this sale, Brastow was insolvent, and purchased large amounts of personal property of third persons, and got them into his hands by fraud, and then secreted them in various places. To the introduction of this evidence the defendant objected; but the court admitted it.

It appeared that the service of the writ under which the defendant held the wagons was never completed, and the writ never returned to court. And the plaintiff, against the defendant's objection, was permitted to prove that before the return day, and by direction of the attaching creditor, the attachment was abandoned and all further proceedings on that writ stayed.

The court instructed the jury that if the wagons were attached by the defendant without knowledge of any fraud, under a proper writ against Brastow, which he had since returned, and held by him as a deputy sheriff at the time of the replevin, this action could not be maintained, though Brastow had obtained the delivery of the wagons to himself by fraud, and though the sale might be therefore void as between the plaintiff and Brastow ; but that the defendant could not make that defence under

a process, the service on which had never been completed, and which had been abandoned before the return term, and not returned to court.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*F. H. Dewey & H. Williams*, for the plaintiff.

METCALF, J. As we understand these exceptions, the case was tried on the question whether Brastow obtained the wagons from the plaintiff by fraud, and the jury found that he did. Brastow, therefore, acquired no property in the wagons, which his attaching creditor can hold against the plaintiff. *Buffington* v. *Gerrish*, 15 Mass. 156. *Ayers* v. *Hewett*, 19 Maine, 281. *Bussing* v. *Rice*, 2 Cush. 48. The instruction as to the defendant's justifying under a writ of attachment, was therefore immaterial, and not a subject of exception.

The evidence of other frauds practised by Brastow, about the same time, was rightly admitted, according to the decision in *Rowley* v. *Bigelow*, 12 Pick. 307. *Exceptions overruled.*