## STEPHEN G. WHEATLAND *vs.* JOHN A. LOVERING.

The *St.* of 1855, *c.* 194, by which this court "shall have jurisdiction in equity in all cases of fraud," confers no jurisdiction over suits commenced after its passage, and before it took effect.

ACTION OF TORT, under *St.* 1853, *c.* 371, praying for relief in equity, brought by the assignee of an insolvent debtor to set aside a conveyance obtained from said debtor by false representations and in fraud of his creditors. Writ dated and served April 17th 1855. The defendant on the 7th of November 1855 filed a general demurrer.

*S. C. Bancroft*, for the defendant.

*S. H. Phillips*, for the plaintiff.

DEWEY, J. This demurrer must be sustained, this court having at the time of the institution of the present action no general jurisdiction over frauds, that would authorize giving the relief in equity here prayed for. *Holland* v. *Cruft*, 20 Pick. 321. Nor can this action be maintained under the provisions of the *St.* of 1853, *c.* 371.

The only ground upon which the plaintiff has supposed his action might be maintained we understand to be that the recent *St.* of 1855, *c.* 194, has given to this court "jurisdiction in equity in all cases of fraud." This provision is certainly broad enough to include cases of fraud which had not been before embraced in the jurisdiction conferred on this court as a court of equity. But this statute did not take effect until the 14th of May 1855, twenty seven days after both the date and the service of the writ in the present case. Ordinarily the time of making the writ is to be taken as the time of the institution of the suit.

Although the principle has not been departed from, yet it has been held under peculiar circumstances, as in a writ of replevin where the writ was actually made before the property was demanded, but it was shown that the writ was placed in the hands of the officer with directions to make such demand before making a service, that the action should be considered as com-

menced after the demand was made. *Badger* v. *Phinney*, 15 Mass. 364. Also where a writ against the indorser of a note was delivered to an officer, with instructions not to serve it until after he had given the indorser notice of the non-payment of the note by the maker, and the writ was not in fact served until such notice was given, it was held that the action was not commenced until the service of the writ. *Seaver* v. *Lincoln*, 21 Pick. 267. Neither of these cases gives any countenance to the idea that, under any circumstances, the writ can be considered as made at a later period than that of the actual service of the process. The case of *Swift* v. *Crocker*, 21 Pick. 242, seems to be directly to the point that when the service has been made, either wholly or in part, the suit must be deemed to have been commenced, and it cannot embrace any cause of action accruing subsequently to the service.

We must therefore hold that the present action was commenced on the 14th of April, that being the day of the date of the writ, and also the day when service was made thereon. But upon that day this court had no jurisdiction of the case, and no such action could properly be instituted. The *St.* of 1855, *c.* 194, authorized subsequent actions, but gave no vitality to those com menced before the statute took effect.     *Demurrer sustained*