DANIEL GOLDSCHMIDT ET AL.

V.

FRANK P. BERRY, for use, etc.

</div>

REPLEVIN—OBTAINING GOODS UNDER FALSE PRETENSES—NO DEMAND NECESSARY.—A person obtaining goods by fraudulent pretenses is guilty of a tortious taking, and no demand for possession is necessary to enable the person defrauded to maintain replevin for them unless they have passed to a third person, holding them *bona fide* for a valuable consideration, without notice.

Goldschmidt v. Berry.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed January 27, 1886.

Messrs McCoy, Pope & McCoy, for appellants.

Messrs. KRAUS, MAYER & BRACKETT, for appellee.

BAILEY, P. J. This was debt on a replevin bond. It appears that on the 1st day of November, 1884, Goldschmidt, Bachrach & Co., brought a replevin suit before a justice of the peace against John N. Graves, to recover possession of a quantity of kid gloves of the value, as shown by the affidavit in the replevin suit, of $165. The suit was afterward dis_missed on motion of Goldschmidt, Bachrach & Co., and a judgment was thereupon entered finding the right of possession of the property replevied in Graves, and awarding a writ of *retorno habendo*, and for costs and nominal damages. The property replevied not being returned, suit was brought on the replevin bond in the name of Berry, the constable, for the use of Graves, against Goldschmidt, Bachrach & Co., and Pardee, their surety on the bond. The defendants appeared and filed their pleas of *nul tiel record* and *non est factum*, and a plea, under the statute, in mitigation of damages, alleging that the merits of the case had not been determined in the trial of the replevin suit, and that the property replevied, at the time when, etc., was the property of Goldschmidt, Bachrach & Co., and not of said Graves. At the commencement of the trial the defendants withdrew all but the plea in mitigation of damages. The verdict of the jury was in favor of the plaintiff, assessing the debt at the penalty of the bond, and the plaintiff's damages at $195.71; and the court, after denying the defendants' motion for a new trial, gave judgment on the verdict.

The defendants, before the cause was opened to the jury, asked to be permitted to open and close the case, which was refused, and the defendants, having preserved their exception, now assign said ruling for error. We think the plaintiff was

entitled to open and close. The only question before the jury was as to the measure of damages, and of that question the plaintiff clearly had the affirmative, and the burden of proof was on him. True, nominal damages were admitted by the pleadings; and if no evidence had been offered, the plaintiff would have been entitled to recover such damages; but to recover substantial damages the plaintiff was obliged to establish the same by evidence, and that, too, before the defendants could be called upon to offer any evidence under their plea. The question is, which party would have succeeded if no evidence had been offered. Clearly the defendants. In the absence of evidence the plaintiff would have recovered only nominal damages, and the entire defense made by the plea would have been established.

The defendants, to show that said gloves were the property of Goldschmidt, Bachrach & Co., and not of Graves, gave evidence tending to show that one Wells obtained them of Goldschmidt, Bachrach & Co., on credit, by means of false and fraudulent representations as to his financial circumstances and ability; that Graves purchased them of Wells with knowledge of such fraud, and that Goldschmidt, Bachrach & Co., as soon as the fraud was discovered by them, rescinded the sale and brought replevin to regain possession of the gloves. The evidence bearing upon the charge of fraud on the part of Wells, as well as that tending to charge Graves with notice of the fraud, at the time he purchased of Wells, was quite conflicting and not altogether satisfactory; and the jury having found those issues in favor of the plaintiff, we see no occasion for disturbing their verdict as being unsupported by the evidence.

The court, on his own motion, gave to the jury the following instruction:

" The court instructs the jury that, if they believe from the evidence that the goods were purchased from the defendants by Wells, and that they were sold by defendants' agent on representations made by Wells or by his agent acting for him in that regard, as to the financial ability or condition of Wells, and that such representations were false and fraudulent, and

known to be such by the person making them at the time, and that they were such representations as were calculated to deceive a person of ordinary or common prudence, and that the agent of defendants believed the representations to be true and relied upon them, and had no knowledge to the contrary, and that they were made for the purpose of deceiving and defrauding defendants, and if such representations were the inducement to defendants to part with the goods, then defendants had a right, as against Wells, to rescind and avoid the sale and reclaim the goods, which rescission and avoidance, to be effective, must be connected with a demand for a return of the goods prior to the commencement of the replevin suit.

"And in such case, if you further believe from the evidence that Wells sold the goods to Graves, and that at the time of the sale to Graves, he, Graves, knew of the manner in which and the circumstances under which Wells received the goods from the defendants, or that he is not a *bona fide* purchaser of the same for value, then the defendants are entitled to avoid and rescind the first sale, as against Graves, which must be evidenced in like manner by a demand on Graves."

This instruction was erroneous in holding that, in order to rescind the contract of sale, either as to Wells, or as to Graves, it was incumbent upon the defendants, to make a demand for a return of the property. Such is not the law. Where a person acquires possession of property under a contract of sale, by means of false and fraudulent representations in respect to his solvency, and means of paying therefor, or other material circumstances affecting the contract, he acquires no title either of property or of possession, and the vendor may retake the property, using no more force than is necessary for that purpose; and if he be resisted by the vendee, he may still use such force as is necessary; or the vendor may recover the goods in an action of replevin, or he may maintain trover for them, without any previous demand, unless they have passed to a third person holding them *bona fide* for a valuable consideration, without notice. Story on Sales, Sec. 445 a. In Ayres v. Hewitt, 19 M. 281, it is held that a person obtaining goods by fraudulent pretenses is guilty of a tortious

taking, and no demand is necessary to enable the person defrauded to maintain replevin. So, in Bussing v. Rice, 2 Cush. 48, it was held that where goods, which have been obtained by means of a fraudulent purchase, are seized under a warrant of insolvency, as the property of the buyer, the seller may maintain replevin therefor, against the messenger, without previous demand. Thurston v. Blanchard, 22 Pick. 18; Buffington v. Gerrish, 15 Mass. 156.

The same rule has been frequently laid down in this State. Thus, in Butters v. Haughwout, 42 Ill. 18, it is held that in replevin for the detention of goods, where the defendant obtained them unlawfully, proof of a demand by the true owner and a refusal to deliver them up is not necessary; and that if the defendant purchased the goods with knowledge that his vendor had obtained them by fraudulent means, then the possession of the defendant, as against the true owner, is unlawful and no demand is necessary. See also Ryan v. Brant, 42 Ill. 79; Bruner v. Dyball, Id. 34.

But in this case the question was not whether Goldschmidt, Bachrach & Co., had entitled themselves to the specific remedy of replevin, but merely as to the ownership of the property; that is whether it belonged to the plaintiffs or the defendant in the replevin suit. The right to maintain replevin, and thus obtain possession of the property replevied, was conclusively established by the judgment in that suit. The *title* to the property only was put in issue by the plea. If Wells obtained the property by fraud, and if Graves purchased it with notice of the fraud, according to the hypothesis of the instruction, the title did not pass from Goldschmidt, Bachrach & Co., and their election to rescind the contract of sale was sufficiently manifested by bringing the replevin suit. As no note had been given for the goods and no portion of the purchase money had been paid, they had nothing to restore to Wells or Graves, and nothing was necessary to consummate the rescission but notice of their election to rescind, and the commencement of the replevin suit was all the notice required. Sumner v. Waugh, 56 Ill. 531; Smith v. Smith, 19 Id. 349; Herrington v. Hubbard, 1 Scam. 569.

Lovejoy v. Stelle.

It is suggested that the instruction, though erroneous, could have wrought no injury to the defendants, for the reason that a demand was fully and conclusively established. If the evidence on that point had been clear and uncontradicted, we should readily adopt that view, but such does not seem to be the case. One witness only testified to a demand, but his testimony on cross-examination was so confused and contradictory that we can not say that a demand was proved or that the jury would not have been warranted in disbelieving his evidence on that question.

Other questions are raised in argument which we need not consider, but for the error in said instruction above pointed out, the judgment will be reversed and the cause remanded.

<div align="right">Judgment reversed.</div>