## PIPER *vs.* ELWOOD.

*In an action on a justice's judgment, the defendant proved that property had been seized and sold on an execution thereon, which had been returned satisfied ; upon which the plaintiff showed that the defendant had sued and recovered for the taking of that property on the ground that it was exempt from execution; held not a satisfaction of the judgment sued on, and that the plaintiff was entitled to recover.*

ERROR to Herkimer C. P.  Elwood sued Piper before a justice, and declared upon a judgment which the plaintiff had recovered against the defendant before a justice of the peace for $9,37.  On the trial, the judgment was proved ; and it further appeared that an execution was issued upon the judgment, which was levied upon one of the defendant's horses, which was sold for enough to satisfy the execution ; and the constable returned it satisfied.  The defendant insisted that the horse was exempt from sale on execution ; and he sued the plaintiff in trespass for selling the horse, and recovered.  The plaintiff paid that judgment, and then brought this action on the judgment in his favor.  The justice gave judgment for the plaintiff, which the C. P. affirmed on *certiorari.*  The defendant brings error.

*V. Owen,* for the plaintiff in error.

*James Hyde,* for the defendant in error.

*By the Court,* BRONSON, Ch. J.  The defendant defeated the effect of the levy and sale, by suing for and recovering the value of the property.  The first judgment thereupon revived, and might be enforced.  If the judgment had been in a court of record, the plaintiff would have been allowed to amend or strike out the return on the execution, and to have a new execution.  (*Adams* v. *Smith,* 5 *Cowen,* 280.)  As the justice had no power to order such an amendment, an action on the judgment was the appropriate remedy.

Judgment affirmed.