## SARGENT et al. v. STURM.

IF the original possession of property is acquired by a tort, no demand previous to the institution of a suit is necessary.

If the tort feasor has parted with the possession of the goods tortiously obtained, in payment of a preëxisting debt; or, if they have been sold on an execution against him, and bid in by a creditor, no demand of the purchaser is necessary before the institution of a suit; nor can the purchaser, who has obtained them in such manner, hold them against the original vendor.

If a creditor of the fraudulent vendee levy on and sell the goods fraudulently obtained, on an execution against the fraudulent vendee, and become the purchaser at execution sale, he acquires no title; but a *bona fide* purchaser from the fraudulent vendee paying a valuable consideration without notice of the fraud, in the usual course of trade, would hold the goods against the vendor.

Where the purchaser has obtained the goods from the fraudulent vendee, in payment of a preëxisting debt, or as an execution creditor, it is not necessary, on the trial, to prove that he participated in the fraud of the fraudulent vendee.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*John B. Hall*, for Appellant.

*P. L. Edwards*, for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession, or the value, if possession could not be had, of a quantity of lumber, valued at $1,100. The complaint alleges that the plaintiffs are the lawful owners and entitled to the possession of the lumber; that the lumber is in the possession of and unlawfully detained by the defendant; and that he refuses to deliver the same to the plaintiffs, though such delivery has been duly demanded. It appears that the plaintiffs sold and delivered the lumber in question to one Smith; but they contend

that Smith obtained the same by fraud and fraudulent representations ; and that, therefore, he never acquired any valid title thereto. The defendant claims the property, as purchaser, under a sale on an execution issued on a judgment in his favor against Smith.    The plaintiffs recovered judgment in the Court below, from which the defendant appeals.

The first point raised by the appellant is that, as the complaint does not allege any tortious or unlawful taking of the property by the defendant, the plaintiffs were bound to aver and prove a special demand and refusal before commencing the action ; and a motion for nonsuit was made on that ground and overruled.    The case of *Paige* v. *O'Neal* (12 Cal. 48) is very similar in many of its features to the present one.    In that case the Court say : " It was not essential to aver a demand of the defendant of the wheat in controversy in the complaint, or to prove a demand on the trial.    If the property in fact belonged to the plaintiff—and it is upon this theory the suit is brought, and to this effect the evidence tended when the plaintiff rested—the seizure by the defendant was tortious ; and it is a general rule that where the possession of property is originally acquired by a tort, no demand previous to the institution of suit for its recovery is necessary.    It is only when the original possession is lawful, and the action relies upon the unlawful detention, that a demand is required."    No objection was made by demurrer, that a special demand was not averred in the complaint ; but the defendant took issue upon all the averments.    The jury found by their verdict, that the property belonged to the plaintiff, and that it was in the defendant's possession.    The defendant's claim was adverse to that of the plaintiff, and his possession was therefore unlawful from the beginning.    He contested the plaintiff's claim or right to the property all through the action.    If he had admitted in his answer the plaintiff's right to the property, and that he had always been ready to deliver up the property upon demand, but no demand had been made, it might have been a question, whether he could have been compelled to pay the costs of the action.    But after contesting the title of the plaintiff, through a litigated suit in which he claimed the title, he cannot escape the effects of an adverse verdict, by an objection of this kind.

At the trial, the defendant offered in evidence the execution issued on the judgment of *Sturm* v. *Smith*, and other proof in connection therewith, that the property was duly sold by the Sheriff, under that execution, to the defendant; but the Court, on objection, excluded the evidence, and this is assigned for error. The answer of the defendant is simply a denial of the allegations of the complaint, and does not aver any title or right of possession in the defendant; in fact, it denies that the property was in his possession. Under these circumstances, it is doubtful whether the evidence was admissible under the pleadings. But the defendant has not been injured by the exclusion of the evidence. Even if it had been admitted, together with the judgment on which the execution issued —which, however was not offered—it could not have availed the defendant anything. The plaintiffs' right of action was founded upon the want of any title in Smith to the property on the ground of fraud; and this evidence did not in any way tend to disprove the facts on which the plaintiffs' claim rested. The plaintiffs' evidence established his title, as found by the verdict of the jury. The evidence offered and rejected would not have shown that the defendant stood in any better position than Smith, or that the plaintiffs' title was not as effectual against the defendant as against Smith. The defendant, by his alleged purchase at the sale on execution, acquired no better title to the property than Smith had; and the same evidence which established the fact that Smith had no title, equally established the same fact as against the defendant; and the force and effect of that evidence could not have been avoided or defeated in any way by the excluded testimony. He who receives goods from a fraudulent purchaser in payment or as security for a preëxisting debt against such fraudulent purchaser, cannot hold them against the vendor. (*Root* v. *French*, 13 Wend. 570; *Coddington* v. *Bay*, 20 Johns. 637.)

And the same principle applies to a purchase by a creditor at an execution sale of the property on an execution against the fraudulent vendee. (*Durell* v. *Haley*, 1 Paige, 492; *Buffington* v. *Gerrish*, 15 Mass. 156.) But a *bona fide* purchaser from the fraudulent vendee, paying a valuable consideration without notice of the fraud, obtaining them in the usual course of trade, would hold the

goods against the vendor.   (Hilliard on Sales, 332, Sec. 7.)   The defendant in this case, holds a claim which accrued before the sale; and as he paid nothing on his purchase at the execution sale, he cannot claim the right of a *bona fide* purchaser in such cases.   If the amount of his bid on the property was applied as a credit on the execution and judgment, he can have the same canceled at any time by applying to the Court and showing that he obtained no title to the property by his purchase.   (Prac. Act, Sec. 237 ; *Piper* v. *Elwood*, 4 Denio, 165 ; *Adams* v. *Smith*, 5 Cowen, 280 ; *Nelson* v. *Rockwell*, 14 Ill. 375.)   By that means, he will be placed in the same position he was in before his purchase, and will have lost nothing thereby.   It was not necessary for the plaintiffs to prove that the defendant participated in the fraud of Smith. The evidence introduced by the plaintiffs, and which was objected to by the defendant, was admissible as tending to prove the fraud of Smith in the purchase of the property from the plaintiffs.

The judgment is affirmed.