## JOHNSON v. GRAVES.

VENDOR'S LIEN—*When creditor's right postponed to.*—When the creditors of a vendee take a conveyance of lands, encumbered with the vendor's lien, from the vendee, without advancing any new consideration, merely as a security for the debts of the vendee contracted prior to his purchase of the lands from the vendor, they will be postponed to the rights of the vendor.

APPEAL FROM ASHLEY CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Johnston & Hawkins* and *U. M. Rose*, for Appellant.

A vendor's lien will not prevail against a purchaser without notice. *Petit vs. Johnson*, 15 *Ark.*, 55; *Shall vs. Biscoe*, 15 *Ark.*, 142.

Mortgagees and trustees in conveyances made to secure the payment of debts are purchasers. *Leading Cases in Equity* . *H. W.*, vol. 1, p. 277; *Story's Equity*, vol. 2, p. 481, see. 1229.

A vendor's lien will not prevail against a conveyance to creditors in consideration of antecedent debts. *Bayley vs. Greenleaf*, 7 *Wheaton*, 46; *Dunlap vs. Burnett et al.*, *Smedes & Marshall*, vol. 5, pp. 702-710; *Roberts vs. Rose et al.*, 2 *Humphreys*, 145, 147.

A *bona fide* purchaser is one who, at the time of his purchase, advances a new consideration, surrenders some security, or does some other act which, if his purchase were set aside, would leave him in a worse than his original position. Johnson is, in the strictest sense of the term, a *bona fide* purchaser without notice. *Du Val vs. Bibb*, 4, *Henning & Munford*, 113, 120; *Wood vs. Bank of Kentucky, etc.*, 5 *Monroe*, 194, 195; *Bayley vs. Greenleaf*, 7 *Wheaton*, 46.

A vendor waives his lien for the purchase money by executing a deed to the purchaser. So that the land may be sold under execution against such purchaser. *Duncan vs. Johnson*, 13 *Ark.*, 180.

When Graves declared by his deed to Bell that he had received all the purchase money, Johnson could not be expected to inquire whether the purchase money had been paid. *Sugden on Vendors*, vol. 2, 7 *American Edition*, p. 353; *Bayley vs Greenleaf*, 7 *Wheaton*, 46.

*J. W. Van Gilder*, for Appellee.

That the vendor has a lien for the unpaid purchase, *see* 18 *Ark.*, 142; 21 *Ark.*, 203; 25 *Ark.*, 272, 277, 510.

If the matters stated in the answer in reference to the trust deed be taken as true, they do not constitute a defense. For it is distinctly charged in the complaint that the debts secured by the deed of trust were contracted before the deed of Graves to Bell, and is not denied by the answer, and the answer itself states facts which show that they were mere volunteers, paying nothing for their deed, and a vendor's lien

would have a preference over their claims. 1 *Hilliard on Mortgages,* 682; *Chance vs. McWhorter,* 26 *Geo.,* 315; 7 *Humphreys,* 239; 2 *Washb. on Real Property,* 3d ed., p. 89, secs. 11, 13; 3 *Parsons on Contracts,* 5th ed., p. 277; 2 *Story's Equity Jurisprudence,* secs. 1225, 1228; 21 *Barb.,* 327; 6 *S. and M.* 286.

STEPHENSON, J.—In October, 1860, Graves sold to Bell certain lands in Ashley county, for $2000, and took his promissory notes therefor. Graves made Bell a deed to the land and put him in possession, and now files his bill to enforce his vendor's lien.

Graves alleges in his bill that James H. Johnson is in possession of the land under a trust deed from Bell, in favor of his (Bell's) creditors, to secure certain debts due them prior to his sale of the land to Bell.

Johnson, answering for himself and Bell, admits all the allegations of the bill, but avers that he is an innocent purchaser, without notice of Graves' lien; also, that the beneficiaries of the deed of trust had no notice whatever that the purchase money remained unpaid. Johnson makes his answer a demurrer to the bill.

The cause was heard on the bill and answer, and decree for plaintiff, Graves. As the record shows no judgment of the court on the demurrer, we will treat it as having been overruled, and we think properly so.

The pleadings, viewed as evidence, show that Johnson and the beneficiaries, under his deed of trust, stand in court as *bona fide* purchasers without notice of the vendor's lien. It needs no citation of authorities to prove that the settled rule of this court is, that a *bona fide* purchaser, for a valuable consideration, without notice of the vendor's lien, takes the lands discharged of it; but does Johnson occupy this position? Appellee, Graves, alleges in his bill that " all the debts secured in said deed of trust were contracted prior to said deed of trust, and also prior to the conveyance from plaintiff to defendant, Bell," and as this is not denied in the answer, it

is taken for true. Under this state of facts, Johnson and the creditors of Bell, for whose use the trust was executed, occupy very different ground from one who pays his money in good faith upon the vendor's title, ignorant of his secret equitable lien for the purchase money.

The object of the law, in all questions arising between vendor and vendee respecting the equitable lien of the former, is to give the vendor the benefit of his lien as against the vendee and those holding under him having notice of the lien, but to save him harmless whose money has been advanced in good faith without this notice, and upon the vendor's declaration in his deed. Let us apply this principle to the case at the bar. The vendee, Bell, executes to Johnson his deed of trust, to secure certain of his creditors, which debts he had contracted prior to his purchase of the land from Graves. This deed, at most, gives but an equitable title to Bell's creditors, and which they must proceed to execute before they can gain the legal title. They have, by taking this security, in no wise impaired Bell's liability to them, but would have all the remedy, after taking this security, they had before. Nor are they in worse condition by giving the vendor, Graves, priority over them than they were when they gave Bell the credit. If they had taken the land in satisfaction of the debt, or had made advances *upon the faith of the title*, as it appeared of record, they would have occupied a different attitude in the case; but where creditors of the vendee take a conveyance from him merely as a security for their antecedent debts, without advancing any new consideration, they are postponed to the rights of the vendor. 2 *Wash. Real Prop.*, 3d ed., 89; *Brown vs. Vanlier*, 7 *Humphrey*, 249; *Harris vs. Hornor*, 1 *Dev. & Bat.*, 455; *Eubanks vs. Poston*, 5 *Monroe*, 286; *McGown vs. Yerks*, 6 *Johnson's Ch. R.*, 450; *Chance vs. McWhorter*, 26 *Ga.*, 315; *Repp vs. Repp*, 12 *Gill & J.*, 341; *Dickinson vs. Tillinghest*, 4 *Paige*, 215,

Finding no error in the proceedings of the court below, the decree is in all things affirmed.