63    87.
f66   225
63    87
69    310

AMES IRON WORKS *v.* KALAMAZOO PULLEY COMPANY.

Opinion delivered October 17, 1896.

SALE—BONA FIDE PURCHASER.—The satisfaction of a judgment as a consideration for the transfer of goods fraudulently obtained will not of itself constitute the *bona fide* transferee an innocent purchaser for value, as against the one from whom the goods were obtained.

RES GESTÆ—DECLARATION OF AGENT.—A statement by the agent of a seller of goods purchased with the fraudulent intention not to pay therefor, made while representing his principal in the collection of the debt, that the latter had sold the acceptances given by the purchaser, and was liable thereon only as indorser, is inadmissible against the principal as part of the *res gestæ*, in an action of replevin by such principal against one to whom the goods have been transferred by such fraudulent purchaser.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

This was an action of replevin brought by the Kalamazoo Pulley Company against the Ames Iron Works for the possession of a lot of pulleys which had been sold by the Kalamazoo Pulley Company to Thomas W. Baird, and by him sold to the Ames Iron Works.

The evidence shows that in May, 1891, Thomas W. Baird bought of the Kalamazoo Pulley Company, through their agent C. S. Kelsey, a lot of pulleys, which were shipped to Memphis, Tenn. Baird in payment gave his acceptances maturing January 1, 1892. Being largely indebted to the Ames Iron Works, Baird in June, 1891, confessed judgment in their favor for $2,511.35. Shortly after this he executed a bill of sale to the Ames Iron Works for the pulleys in Memphis in consideration of the satisfaction of the judgment to the extent of $1,200. The Ames Iron Works immediately took possession of the pulleys, and brought them to Little Rock,

where they were replevied by the appellee, upon the theory that Baird had purchased them with intent not to pay for them.

The defendant offered to prove by C. P. Wiggins, agent of the Ames Iron Works, that Mr. Kelsey, the agent of the plaintiff, stated to him, while he was in Little Rock representing said plaintiff in the collection of said debt, before the pulleys were replevied, that the said plaintiffs had sold the acceptances given by Baird to said company for the purchase money of the pulleys, and was only liable on the same as indorsers. Upon the objection of the counsel for the plaintiff, the evidence was rejected, to which ruling of the court the defendant excepted at the time.

The court refused the following declarations of law asked by the defendant, to which refusals exceptions were properly saved :

2. "If you find that the defendant, the Ames Iron Works, purchased the property in controversy from said Baird in good faith, and without any knowledge of any fraud on the part of Baird in the purchase of said goods, and as a consideration therefor satisfied, in whole or in part, a pre-existing debt to the said defendant from Baird, such constituted defendant a *bona fide* purchaser for a valuable consideration, and you will find for defendant."

3. "If you find from the evidence that the defendant, the Ames Iron Works, purchased the property in controversy in good faith and without any knowledge of any fraud on the part of Baird in the purchase of said goods from Thomas W. Baird, and as a consideration therefor satisfied in whole or in part a judgment held by said defendant against said Baird upon the margin of the record at the time of the purchase, such constituted defendant a *bona fide* purchaser for a valuable consideration, and you will find for the defendant."

The jury found for plaintiff. Defendant moved for a new trial on the ground that the court erred in refusing to give the second and third instructions asked by it, and in refusing to permit the witness Wiggins to testify as to the conversation had with Mr. Kelsey. The motion was overruled, and defendant appealed.

*S. R. Cockrill* and *Ashley Cockrill* for appellant.

1. The declarations made by the agent of appellee to the agent of appellant were binding upon the principal, and should have been admitted as evidence. 59 Ark. 251; 19 Ill. App. 620; 37 Ark. 52; 29 *id.* 512; Mechem, Agency, p. 714; Gr. Ev. sec. 113, 114; Story on Agency, secs. 134, 137; 2 Dutch. (N. J.), 541.

2. The court erred in rejecting appellant's prayers for instructions. The satisfaction of an antecedent debt as a consideration for the transfer of chattels would constitute the vendee a purchaser for value. 55 Ark. 45, 47; 2 Pom. Eq. Jur. sec. 749; 1 Beach, Eq. Jur. sec. 393; 42 Ill. 28; 65 *id.* 344; 81 *id.* 312; 75 *id.* 359; 3 Ill. App. 447; 19 *id.* 620; 16 Wis. 689; 17 *id.* 369; 52 Miss. 239; 26 *id.* 567; 43 *id.* 349; 9 Kas. 26; 51 Ala. 220; 8 *id.* 866; 21 Ind. 139; 5 *id.* 396; 75 Cal. 554; 74 *id.* 444; 44 *id.* 335; 65 *id.* 158; 64 Md. 584; 38 *id.* 270; 44 *id.* 111; 3 Md. Ch. Dec. 167; 12 Lea (Tenn.), 684; 42 Mo. App. 110; 29 *id.* 454; 112 Mo. 502; 64 Mich. 439; 14 *id.* 514; 13 *id.* 533; 5 *id.* 459; 1 Doug. (Mich.), 413; 7 B. Mon. (Ky.), 95; 45 Me. 174. Thirteen states hold firmly to this rule that the extinguishment of a debt is a valuable consideration. This rule has been recognized in this state. 27 Ark. 557; 31 *id.* 88; 60 *id.* 160. The rule is well settled as to commercial paper. 13 Ark. 150; 48 *id.* 460; 30 *id.* 684. See 42 Ill. 28; 5 Ind. 396; 15 *id.* 14; 16 Wis. 689; 45 Me. 174; 112 Mo. 511. It is also settled in this state that where a debtor transfers property to his creditor for a pre-existing debt, the

debtor's fraud will not avoid the transaction unless the creditor participated in it. 18 Ark. 23; *ib.* 172; 20 *id.* 325. The satisfaction of a judgment is "the surrender or cancellation of a written security by the creditor," within the meaning of 2 Pom. Eq. Jur. sec. 749, *supra.*

*W. E. Atkinson*, for appellee.

1. The declarations were not admissible. They were no part of the *res gestæ.* It must appear that the agent was executing the authority conferred on him when the statements were made. 1 Rice, Ev. sec. 230, p. 445.

2. The court properly rejected appellant's prayers, even if the law were properly stated therein. Ames was put on inquiry as to Baird's title by the manner of his dealing with him. If the facts be true, Ames could not be an innocent purchaser. 8 Am. & Eng. Enc. Law, p. 841 (*b*), and notes.

3. But they are not the law. Reviews the authorities cited by appellant by states, and contends that in only two or three states was the question squarely presented, and in each case upon a line of authority rejected by the courts of this state. See the following : 64 N. H. 59; 6 Atl. 201; 39 Kas. 674; 18 Pac. 926; 23 Cal. 359; 13 Wend. 28; 58 N. Y. 73; 46 Oh. St. 355; 28 Am. Dec. 482; 18 Md. 496; 42 Miss. 99; 2 Pom. Eq. Jur. 4, 148; 1 Beach, Mod. Eq. Jur. 4391; 8 Am. & Eng. Enc. Law, p. 842, par. C.; 21 *id.* p. 574, note 5; Tiedeman, Sales, p. 533; Newmark, Sales, sec. 205, p. 297; 15 Am. Law Rev. 388; 83 Am. Dec. 122 and notes; 33 *id.* 704 and notes; 25 *id.* 613 and notes; 27 Ark. 557; 31 *id.* 85; 55 *id.* 45.

Who is a
*bona fide*
purchaser?
WOOD, J. 1. The satisfaction of a pre-existing debt as a consideration for the transfer of goods fraudulently obtained will not of itself constitute the *bona fide* transferee an innocent purchaser for value, as against

the one from whom they were obtained by fraud. *Eaton* v. *Davidson*, 46 Ohio St. 355; 1 Beach, Mod. Eq. Jur. sec. 391, note; *Sleeper* v. *Davis*, 64 N. H. 59; *Henderson* v. *Gibbs*, 39 Kas. 679.

The reason of the rule, says Chancellor Walworth, is "that a purchaser of the legal title, who receives his conveyance merely in consideration of a prior indebtedness, is not entitled to protection, because he has lost nothing by the purchase." *Padgett* v. *Lawrence*, 10 Paige, Ch. 180. He has parted with no new consideration, has given up no security or evidence of indebtedness, nor in any other manner changed his legal status, to his detriment, which is the real test.

The mere crediting the $1,200.00, the purchase price of the pulleys, on the judgment of appellant against Baird for $2,511.35 operated as nothing. There was no cancellation or surrender of any written security in this, for, when appellee rescinded the sale, and reclaimed its goods on account of the fraud of Baird, the consideration for the credit on the judgment failed, and appellant, as to this, and its debts against Baird, was left *in statu quo*. *Eaton* v. *Davidson, supra; Sargent* v. *Sturm*, 23 Cal. 359, 83 Am. Dec. 118; *Piper* v. *Elwood*, 4 Denio, 165; *Adams* v. *Smith*, 5 Cow. 280. At least, this transaction alone does not show that appellant's position was changed for the worse. Unless this is shown, the consideration of a pre-existing debt, while good between the parties, will not bring the purchaser within the rule which protects him as a purchaser for value against one having superior equities.

A different rule prevails as to the innocent holder of commercial paper taken in payment of a pre-existing debt. He is protected as a purchaser for value. *Bertrand* v. *Barkman*, 13 Ark. 150; *Harrell* v. *Tenant*, 30 *id.* 684; *Winship* v. *Merchants Nat. Bank*, 48 *id.* 460, and authorities cited.

We are cited to cases in Illinois and Wisconsin, which hold that if the rule as just announced be true as to negotiable papers, "*a fortiori*, is it true also of goods and chattels merely." *Non sequitur*. The reason that the satisfaction of a pre-existing debt is regarded as a valuable consideration for the transfer of commercial paper, so as to bring its holder within the rule, and is not so regarded as to goods corporeal merely, is not because of any difference in the consideration itself, for there is no difference. The distinction grows out of the difference in the character or quality of the thing transferred in its relation to trade and commerce. The necessities of the commercial world, says Judge Kent, "require that bills of exchange and promissory notes should possess some of the attributes of money and exchangeable value; and, to clothe them with these attributes and to give parties confidence in their reception, it is necessary to protect them in the hands of 'a holder for value from defenses growing out of the dealings of the prior parties." Kent's Com. 79; *Bertrand* v. *Barkman*, 13 Ark., *supra*. It is an "arbitrary rule of commercial policy" which makes the transfer of negotiable instruments in consideration of an antecedent debt good as against the prior equities of the defrauded owner. And while this is the rule established by the great weight of authority, and so decided by our own court (see cases *supra*), yet there is very high authority to the contrary. *Comstock* v. *Hier*, 73 N. Y. 269; *McBride* v. *Farmers' Bank*, 26 N. Y. 450; *Weaver* v. *Barden*, 49 N. Y. 286; *Webster* v. *Howe Machine Co.*, 54 Conn. 394 (where New York authorities are reviewed); *Coddington* v. *Bay*, 20 Johns. 637; *Stalker* v. *McDonald*, 6 Hill, 93.

The rule obtains as to commercial paper only by reason of the necessity for facilitating trade by promoting the most liberal circulation of such paper. There can be no reason for extending the rule to goods

merely, which do not perform the functions of a circulating medium, and where the necessity mentioned above does not exist. Certain dicta in other cases, where this question was not involved, have encouraged counsel to say that the rule they contend for "has been expressly recognized by this court," citing *Johnson* v. *Graves*, 27 Ark. 557; *Gerson* v. *Pool*, 31 *id.* 88; *Shibley etc. Grocery Co.* v. *Ferguson*, 60 *id.* 160. But the question under consideration is now for the first time · squarely presented, and we conclude that the doctrine announced in the beginning of this opinion is more in accord with reason and justice, and is supported by abundant authority. *Root* v. *French*, 13 Wend. 570; *Johnson* v. *Peck*, 1 Woodb. & M. 334; *Barnard* v. *Campbell*, 58 N. Y. 73; · *Beavers* v. *Lane*, 6 Duer, 232; *Sargent* v. *Sturm*, 23 Cal. 359; S. C. 83 Am. Dec. 118, note; Tiedeman, Sales, p. 533; Newmark, Sales, sec. 205; 8 Am. & Eng. Enc. Law, p. 842, note 12; 2 Pom. Eq. Jur. sec. 492. Compare *Jetton* v. *Tobey*, 62 Ark. 84.

2. The alleged statements of the agent of appellee were no part of the *res gestæ*, and were properly excluded. The only authoritative act of the agent "in looking after the interest of appellee," as related to the appellant, was to demand of it the possession of the property in controversy. Appellant owed appellee nothing, and, not being an innocent purchaser for value, was in no position to resist the rescission of the fraudulent contract of sale between Baird and appellee. It is nowhere shown that the alleged admissions of the agent were made while he was in the performance of an act of agency. "It is only because they are verbal acts, and part of the *res gestæ*, that they are admissible at all." 1 Greenl. Ev. sec. 113; *Byers* v. *Fowler*, 14 Ark. 105; *Ferguson* v. *Edrington*, 49 *id.* 207; 1 Rice, Ev. sec. 230. That they were made "while the agent was in Little Rock representing appellee in the collection of its

*When declarations of agent inadmissible.*

debt" from Baird, "and before the pulleys were replevied," does not show that they were connected in time or relation to the business of recovering a lot of pulleys from appellant.

Judgment affirmed.