PAPE *v.* STEWARD.

Opinion delivered May 4, 1901.

1. LANDLORD'S LIEN—INNOCENT PURCHASER.—One who purchased cotton which he knew was raised on rented land, and who had notice of facts sufficient to put him upon inquiry, cannot, as against the landlord's lien, claim that he was an innocent purchaser because the tenant misled him into believing that the landlord had abandoned his claim for rent. (Page 309.)

2. INNOCENT PURCHASER—WHAT CONSTITUTES.—One who purchases a tenant's cotton on which there is a landlord's lien cannot claim to be an innocent purchaser for value if the only consideration was the satisfaction of an account already due, in addition to a small amount for picking the cotton which was not paid until the landlord has brought suit to enforce his lien. (Page 310.)

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

STATEMENT BY THE COURT.

The Union Central Life Insurance Company was in 1896 the owner or in control of a farm in Crawford county of this state. It rented the farm during that year to one Hauptman for $140, and Hauptman sub-rented a part of the farm to Sam Lyons. But

J. R. Steward also claimed to be the owner of this farm, and in the fall of that year he brought suit against Hauptman and Lyons before a justice of the peace to recover for the rent. On the 29th of September, 1896, he obtained a judgment for the amount claimed by him. The attorney for the Insurance Company, who was present when this judgment was rendered, protested against it, and offered to make the Insurance Company a party, and to take an appeal, but the justice of the peace refused to allow the appeal. Thereupon the attorney brought suit in the circuit court for the company to enforce its lien, and to enjoin J. R. Steward and the justice of the peace from proceeding to enforce the judgment of the justice. A writ of injunction against Steward and the justice of the peace was issued from the circuit court on the 6th day of September, 1896. An attachment against the crop was also issued. But before this was done J. R. Steward had, under an order from the justice, sold a portion of the crop attached by him, and had then collected his rent, or at least a portion of it.

Sam Steward, the plaintiff in this action, was the owner of a store located about the center of the farm above mentioned, but on a separate half acre owned by him. The store fronted on the public road, which passed through the farm. He had furnished Sam Lyons provisions and supplies to make his crop, amounting to $90, which debt was unpaid. A few days after the judgment of the justice of the peace in favor of J. R. Steward, and after Steward had collected his rent, Lyons, the tenant, came to the store of Sam Steward with a load of seed cotton. Steward purchased this load of seed cotton and also other cotton which Lyons had on the farm, amounting in all to 3,000 pounds of seed cotton, enough to make two bales of lint cotton. Steward gave Lyons credit for the purchase price of the cotton, less the sums due for picking, which he agreed to pay in cash, and which he paid ten days afterwards. The cotton was in less than ten days afterwards attached in the action brought by the Union Central Life Insurance Company to recover the rent as above stated. J. R. Steward, Hauptman, the tenant, and Lyons, the sub-tenant, all appeared in the circuit court, and filed answers to the complaint of the company. But on the hearing the finding of the circuit court was in favor of the company. The court thereupon gave judgment in favor of the company against Hauptman for the rent, made the injunction against J. R. Steward and the justice of the peace perpetual, sustained the attachment which had been levied on the crop, including cotton purchased by

Sam Steward, and ordered it sold to pay the judgment and costs. No appeal was taken from this judgment, but Sam Steward, the merchant, who was not a party to that suit, brought this action of replevin against the sheriff to recover the two bales of cotton which he had purchased from Lyons. The other facts are sufficiently stated in the opinion.

On the trial there was a verdict and judgment in favor of Steward, from which judgment the sheriff appealed.

*Jessee Turner,* for appellant.

The sale to appellees was not completed before the issue of the attachment. 47 Ark. 210; 14 Am. & Eng. Enc. Law, 372, 373; 25 Ark. 545. Appellee was not a purchaser without notice. 31 Ark. 135; 49 Ark. 214; 55 Ark. 47; 31 Ark. 253; 34 Ark. 85; 58 Ark. 252; 21 Am. & Eng. Enc. Law, 574, 575; 23 Cal. 570; 64 N. H. 59; S. C. 10 Am. St. Rep. 377; 13 Wend. 570; 89 Ia. 454; 63 Ark. 87.

RIDDICK, J., (after stating the facts). This is an action of replevin for two bales of cotton brought by Sam Steward, who purchased the cotton from a sub-tenant of the Union Central Life Insurance Company, whose rent had not been paid. The defendant is a sheriff, who had seized the cotton under a writ of attachment issued in an action brought by the company to recover its rent. There is no question here as to validity of the company's lien as against the sub-tenant, but the plaintiff, Steward, claims that he purchased the cotton without notice of the lien. On this question the jury found in his favor, but we see nothing in the transcript to support the finding. The plaintiff's store where he purchased the cotton is located on a half acre owned by him near the center of the farm upon which the cotton was produced. A portion of the cotton at the time he purchased it was in a wagon in the public road in front of the store, and the remainder was still on the farm. The plaintiff knew that the sub-tenant from whom he purchased had raised the cotton on the farm, and knew that the company claimed to own the farm, and was familiar with the controversy that arose concerning the farm and rents between the company and one J. R. Steward. But he says that at the time that he purchased he supposed that the company had abandoned its claim to the rents. He came to this conclusion he says under the following circumstances. J. R. Steward, claiming to be the landlord, had attached the crop for the rent before a justice of the

peace. The justice gave judgment in favor of J. R. Steward. Plaintiff, who was not at the trial before the justice, was told by Lyons, the sub-tenant, from whom he purchased the cotton, and who was present at the trial, that the attorney for he Life Insurance Company had stated to him that "J. R. Steward had him beat before he got there, and that he had as well quit." Hearing afterwards that J. R. Steward had sold a part of the crop attached and collected the rent, plaintiff concluded that the company had no lien, and he thereupon purchased the cotton. Now, the testimony of Lyons, the sub-tenant, who also testified, is very different from that of the plaintiff. He shows that plaintiff knew of the company's lien, and says that plaintiff remarked at the time he purchased the cotton that "he would have trouble with the Insurance Company." Yet we disregard that testimony for the reason that, the finding of the jury being in favor of plaintiff, it should stand if there be evidence to support it.

But, taking the testimony of the plaintiff alone, it shows that, knowing that the company claimed to be the landlord of the farm and entitled to the rent, he purchased the cotton from the sub-tenant, on his statement that the company had abandoned its claim. Indeed, this is putting it more favorably to plaintiff than his own testimony warrants, for he does not say that he was told that the company had abandoned its claim, but only that its attorney had stated at the trial before the justice that "J. R. Steward had him beat before he got there, and that he had as well quit." This did not show that either the attorney or the company had abandoned the company's claim for rent. There was nothing in this remark by the attorney to estop the company from further efforts to collect its rent. The plaintiff should have known that, if the company was a party to this action before the justice of the peace, it had thirty days after the judgment in which to take appeal. If the company was not a party, it was not bound by the judgment, and had the right to commence another suit to collect its rents. By inquiring of the attorney for the company or of others who attended the trial before the justice, plaintiff could have learned that the company had not abandoned its claim for rents; but, although the means of obtaining correct information was at hand, he chose to rely upon the statement of the tenant, who had the cotton for sale, and made the purchase a few days after the trial before the justice of the peace, without further inquiry. When a purchaser from a tenant has notice of such facts as would put a

man of ordinary prudence upon an inquiry that would lead to a knowledge of the landlord's lien, he must be treated in law as having notice of such lien. *Merchants & Planters Bank v. Meyer,* 56 Ark. 499. The testimony of the plaintiff himself shows, we think, that he had notice of facts sufficient to put him upon inquiry, and, had he made the inquiry, he could easily have ascertained the fact that the company had a lien. He is therefore a purchaser with notice, and the lien of the landlord was not affected by his purchase.

If the law were otherwise, the lien given by the statute to the landlord would be of very uncertain value, for in that event any one, even a neighbor of both landlord and tenant, though knowing that the relation of landlord and tenant existed, and that the cotton offered for sale was the produce of the landlord's farm, could safely purchase on the assurance of the tenant that the rent had been paid, or the claim therefor abandoned. A rule giving immunity to a purchaser under such circumstances would furnish to the tenant an easy way of avoiding the lien of his landlord for rent, and would, to a considerable extent, defeat the purpose of the law in giving such a lien. The law protects purchasers in good faith and for value from secret liens of which they have no notice. It does not protect one who, with notice of facts calling for an inquiry, neglects to use means of information easily accessible to him. 1 Jones, Liens, § 578.

There is still another reason why the contention of plaintiff that he is a purchaser without notice cannot avail in this case. He paid out nothing of value on this purchase until after the cotton had been seized under the landlord's writ of attachment. Lyons, the tenant from whom plaintiff purchased the cotton, was indebted to him more than the value of the cotton, and plaintiff simply gave him credit for the value of the cotton on his account, less a small amount due by Lyons for the picking of the cotton. But plaintiff did not pay any portion of the sum which he promised Lyons to pay the pickers until after the cotton had been seized by the sheriff under the writ of attachment issued in the action brought by the company to collect its rent. In other words, the only thing of value that he parted with in the purchase of this cotton was paid out after he had been informed by the seizure of the cotton that the company was still pressing its claim for rent, and he can gain no advantage from such payment. *Ames Iron Works v. Kalamazoo,* 63 Ark. 87. The credit placed on his books in favor of Lyons for the value of the cotton was not binding on

him, if he had chosen to rescind the trade upon finding that Lyons had misled him as to the existence of a lien. He was therefore, when the cotton was seized by the sheriff, in the same position that he was before the purchase.

We conclude that the plaintiff, under the facts shown by him as they appear in the transcript, was not a purchaser of this cotton for value and without notice. The judgment in his favor is therefore not supported by the evidence. For this reason the judgment is reversed, and a new trial ordered.