BARD *v.* VAN ETTEN.

Opinion delivered October 15, 1904.

LABORER'S LIEN—BONA FIDE PURCHASER.—One who purchases property subject to a laborer's lien cannot claim to be a *bona fide* purchaser if he paid the entire purchase money by crediting the vendor with the same on his previous indebtedness to himself.

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

John Bard sued G. B. Meiser, administrator of Gib Ford, deceased, and G. H. Van Etten Company, a partnership composed of G. H. Van Etten and D. S. Waters.

It was agreed at the trial that "this action is brought and based on account for work and labor done by plaintiff in hauling shingles for Gib Ford, deceased, under said Ford's direction and employment. The amount of said account is $204.85. The

shingles attached in this action and sought to be subjected to sale
by plaintiff under the lien act of the state of Arkansas were sold
by said Gib Ford to the defendant, G. H. Van Etten Company, on
November 15, 1900, on which day the said Gib Ford executed and
delivered to said Van Etten Company on said date a good and
sufficient bill of sale describing said shingles, and upon said day
the said G. H. Van Etten Company, a partnership as aforesaid,
took possession of said shingles under said purchase and bill of
sale by their agent, and were in possession of same from date
until this action was brought. At the time of said sale the said
Gib Ford was indebted to the said G. H. Van Etten Company
several thousand dollars, and the amount paid for said shingles
was placed as a credit on said indebtedness.

It was further agreed "that neither G. H. Van Etten nor D. S.
Waters knew the plaintiff personally, and had no knowledge of
the fact that he had performed any work and labor on the shingles
at the time of or prior to said sale."

The court made the following finding of law and fact, viz:
"That the word notice in section 2 of the laborer's lien law of
the acts of Arkansas, 1895, page 39, means actual notice, and that,
under the agreed statement of facts herein, the defendants, G. H.
Van Etten Company, were innocent purchasers."

Judgment accordingly was rendered in favor of the G. H.
Van Etten Company, from which plaintiff has appealed.

*W. R. Bandy,* for appellant.

The notice contemplated by Sand. & H. Dig. § 4804 may be
either actual or constructive. 67 Ark. 362; 58 Ark. 84; 21 Ark. 17.
The Van Etten Company was not an innocent purchaser. 55 Ark.
45; 49 Ark. 207; 21 Am. & Eng. Enc. Law (1st Ed.), 574.

*W. S. Luna* and *R. E. L. Johnson,* for appellees.

The case in 67 Ark. 362, relied upon by appellant, does not
apply to *laborer's liens* but to *landlord's liens.* See also 52 Ark.
158. The company is a *bona fide* purchaser for a valuable and
valid consideration. 60 Ark. 425; 64 Ark. 185; 23 Ark. 238; 28
Ark. 82; 56 Ark. 414; 36 L. R. A. 335. The decision of the lower
court on the question of *bona fides* is conclusive on this court. 57
Ark. 93; 54 Ark. 481.

BATTLE, J. Gib Ford sold the shingles in controversy to G. H. Van Etten Company. At the time of the sale John Bard held a laborer's lien on the shingles for $126.95, the amount Ford owed him for work and labor performed in their production. This fact seems to be conceded. But it is contended that the Van Etten Company purchased without notice of the lien, and therefore is not affected by it. This is not true. Bard did not lose his lien by the sale. Van Etten Company paid the entire purchase money by crediting Ford with the same on his previous indebtedness to it. It was not a *bona fide* purchaser, and did not acquire the shingles free from the lien. *Pape* v. *Steward,* 69 Ark. 306, 310 ; *Jetton* v. *Tobey,* 62 Ark. 84.

Reverse and remand, with instructions to the court to render a judgment in accordance with this opinion.