## HAMILTON *v.* RANKIN.

### Opinion delivered June 16, 1913.

1. SALES—TIME OF PAYMENT—PRESUMPTION.—Where A. purchased corn of B. and directed it to be delivered at a designated place, and there is nothing said as to the time of payment, the law presumes that it was a cash sale, and the delivery and payment are concurrent acts and conditions, and there being no intention to sell on credit, nor any waiver of the right to receive cash, no title passed to the vendee, no cash payment being made. (Page 554.)

2. SALES—BONA FIDE PURCHASER—RIGHT OF SELLER.—Where A. purchased corn from B., and, though the price was cash, did not pay the same, and sold the same to C., C. paying A. no cash, but only crediting A's account, C. is not a bona fide purchaser, and B. may replevy the corn from him. (Page 555.)

3. CONFUSION OF GOODS—QUALITY OF GOODS—REPLEVIN.—Plaintiff's right to replevy corn from defendant, is not defeated where defendant mixed the corn with other corn of his own, where it appears that all the corn was virtually of the same kind, quality and value. (Page 555.

Appeal from Lawrence Circuit Court; *R. E. Jeffery,* Judge; reversed.

*W. E. Beloate,* for appellant.

A sale is presumed to be for cash, unless there was at the time a contract for a different mode of payment. Tiedeman on Sales § § 151-168; 63 Ark. 87; 55 Ark. 45. Crediting the account of Land by Rankin is not a payment such as would constitute Rankin a *bona fide* purchaser. 76 Ark. 282; 63 Ark. 87.

Replevin will lie for goods intermingled with others where the kind, quality and price is the same. 70 Ark. 105.

Although this action is brought in the nature of replevin, it is no less an action for conversion, and, the property having been left in possession of the defendant, even if the property could not be set apart appellant would be entitled to judgment for the value thereof. 65 Ark. 448; 10 Ark. 86; 42 Ark. 100; 94 Ark. 1.

*W. P. Smith* and *H. L. Ponder,* for appellee.

It is clear from the evidence that Rankin was a *bona fide* purchaser for value and without notice of any fraud. Cobby, on Rep., § § 244, 245, 263; 42 Ark. 473.

Rankin's act in crediting Land's account with the amount of the purchase, as soon as he purchased the corn from Land, constitutes him a *bona fide* purchaser. 49 Ark. 207; 55 Ark. 47.

There can be no recovery in replevin where the property is mingled and the proof shows that it is not the same in quality or value. 24 Am. & Eng. Enc. of L. (2 ed.) 482; 33 Fed. 177; Cobby on Replevin, § § 399, 400; 44 Ark. 450, and cases cited.

KIRBY, J. John W. Hamilton brought an action in replevin in the justice court against Charles A. Rankin for one hundred and one bushels of corn of the value of seventy-five cents per bushel and recovered judgment, from which an appeal was taken to the circuit court and upon the trial there the court directed a verdict against him, and from the judgment thereon he prosecutes this appeal.

It appears from the testimony that Doctor Land phoned Hamilton, asking the price of corn, and upon being told it was seventy-five cents per bushel, directed him to bring him one hundred bushels and deliver it at the barn of Charles A. Rankin. Hamilton brought the corn, threw it into two stalls in Rankin's barn, in one of which there was already some corn, and, after doing so, took the weight tickets to Doctor Land to get the money. Doctor Land refused to pay in cash, but offered in payment his (Hamilton's) note for $75, which he (Hamilton) had before made to Mrs. Ed Marks and which had been

assigned to Doctor Land. Hamilton refused to accept the note in payment for the corn, giving as his reason that he sold the corn to pay his rent, and that he could not take the note in payment, and demanded the money and also the weight tickets, which Doctor Land refused to return and also to pay the money. He then demanded the corn from Rankin, who refused to give it to him.

Doctor Land testified that he called Hamilton on the phone, and, after learning the price of corn, told him to bring him one hundred bushels and deliver it to Rankin's barn. That he sold the corn to Rankin, and offered to pay Hamilton with his note given to Mrs. Marks; that Hamilton refused to take the note in payment and replevied the corn from Rankin. He said also that he owed Rankin on account, and that he sold him the corn, and that Rankin applied it and gave him credit on his account; he did not pay him any money. He did not tell Hamilton before getting the corn that he had the Marks note, nor that he would be expected to take it in payment therefor until after the corn had been put in Rankin's barn.

It was also shown that appellee bought some other corn after appellant demanded payment of him before the suit was brought and had it thrown in on top of the corn brought to the barn by Hamilton, and that all of the corn was of about the same kind, quality and value, and that there was more than 100 bushels of corn in the stall when the suit was brought.

Rankin testified that he bought the corn from Doctor Land and paid him therefor by crediting the amount to his account, which was the agreement when he purchased it.

There was nothing said as to the time of payment for the corn after the price was learned and the seller was directed by the purchaser to deliver it at a designated place, and the law presumes that it was a cash sale and the delivery and payment were concurrent acts and conditions. There was no intention to sell on credit, nor any waiver of the right to receive cash, and no title passed to

the vendee, the purchase price not having been paid in cash. 1 Mecham on Sales, §§ 538-543; Tiffany on Sales, § 268; 35 Cyc. 325.

Neither can the appellee be regarded as a *bona fide* purchaser in any event, and entitled to protection as such, having only credited his account against Doctor Land with the purchase price of the corn and paid nothing in fact of value therefor. *Ames Iron Works* v. *Kalamazoo Pulley Co.,* 63 Ark. 87; *Sheeks-Stephens Store Co.* v. *Richardson,* 76 Ark. 282.

The fact that appellee mixed other corn with that of appellant before the suit was brought can make no difference in his right to recover, and it was also shown that all the corn was virtually of the same kind, quality and value. *Russ Land & Lbr. Co.* v. *Isom,* 70 Ark. 105; Cobby on Replevin, §§ 399, 400.

Appellant was entitled to a judgment for the return of the corn or $75, the cash value of it and the court erred in directing a verdict against him. The judgment is reversed and the cause remanded for a new trial.