Stout Lumber Company *v.* Green.

Opinion delivered April 25, 1927.

1. Judgment—effect as to strangers.—Judgments establishing laborers' liens on lumber are not binding on a purchaser of lumber not a party to such suits, who sued in replevin to recover possession of the lumber from a constable holding it under attachments.

2. Logs and logging—right to laborers' lien.—Under Crawford & Moses' Dig., § 6848, a laborer's lien on lumber can be acquired only by persons performing services in its manufacture.

3. Logs and logging—laborer's lien—lien for purchase price.—Under Crawford & Moses' Dig., § 6848, the seller of logs has no lien on lumber produced for the purchase price or for services of others in hauling logs paid for by him.

4. Logs and logging—innocent purchaser—jury question.—In an action to replevy logs from a constable holding under attachments, the question whether plaintiff was an innocent purchaser *held* properly submitted to the jury.

Appeal from Ouachita Circuit Court, Second Division; *W. A. Speer,* Judge; reversed.

*Gaughan & Sifford,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

SMITH, J. J. H. Willson and three other parties brought separate suits in the court of a justice of the peace to enforce laborers' liens against a certain car of lumber as the property of M. L. Allen. These suits were begun on September 9, 1925, and attachments were issued and levied upon the lumber the same day. Two days later the Stout Lumber Company brought suit in replevin in the circuit court to recover possession of the lumber.

It was alleged in the complaint filed in the replevin suit, and testimony was offered tending to show, that, on February 6, 1925, the plaintiff lumber company, hereinafter referred to as plaintiff, entered into a contract whereby the plaintiff bought from Allen all the pine lumber which he should manufacture at his mill up to the first of September, 1925. The contract provided that Allen should cut and stack the lumber on his yard, and the plaintiff would have the lumber checked up by its inspector and would advance to Allen $10 per thousand feet, and that, upon this advance being made, plaintiff should become the owner of the lumber. Allen was to haul the lumber, after the advance was made, and load it in the cars for shipment to plaintiff, and, when the lumber was received by plaintiff on its yards, it was there scaled and the balance of the purchase money, if any, was then credited to Allen.

The testimony shows that plaintiff had advanced Allen $10 per thousand feet on all the lumber on Allen's yard up to August 8, and that the mill was destroyed by fire some time during that month, and that, at the time the car in question was loaded, Allen was indebted to the plaintiff in the sum of $28.

Judgments were rendered in favor of the plaintiffs in the justice court, on October 3, and laborers' liens in their favor were declared, and these plaintiffs thereafter intervened in the replevin suit in the circuit court, and, in

their interventions, set up the judgments rendered in their favor. The plaintiff lumber company was not made a party to the justice suits, and these suits were pending and undecided at the time the sheriff took possession of the car of lumber under the order of delivery which was issued in the replevin suit.

In the trial of the replevin suit in the circuit court plaintiff offered testimony tending to show that the plaintiffs in the attachment cases, hereinafter referred to as interveners, were not entitled to liens on the lumber attached. This testimony was to the effect that the lumber attached had been taken up and advanced upon before the labor was performed for the nonpayment of which the interveners sued, and, in the case of Willson, the testimony of plaintiff was to the effect that Willson had performed no labor whatever, but had only sold logs to Allen at $6 per thousand feet stumpage.

It was shown by interveners that, on the day of the trial in the justice court, an attorney representing the plaintiff was present and attempted, without success, to effect a settlement of these cases. Plaintiff contends there was no other testimony tending to show notice of the demands of the interveners at the time of its purchase of the lumber, if such claim were existent at that time, except the testimony of Willson to the effect that, about the middle of June, he told E. C. Holmes, the inspector of the plaintiff, that he had a claim for hauling against Allen which was at the time unpaid.

Upon the trial of all the issues in the replevin suit in the circuit court the jury returned verdicts in favor of each of the interveners for the several sums claimed by them for which judgments had been rendered in the justice court, aggregating $107.82, and from the judgment accordingly is this appeal.

Plaintiff sought to have submitted the question whether the interveners were entitled to liens, and to this end requested an instruction numbered 5, which was to the effect that the judgments recovered in the justice court

by interveners were not binding on the plaintiff lumber company, and that said judgments should not be considered as establishing a lien upon the lumber in controversy. An exception was saved to the refusal of the court to give this instruction.

We think it was error to refuse this instruction numbered 5. The interveners knew, before the trial of the cases in the justice court, that the plaintiff lumber company claimed title to the lumber attached, and, if they wished to foreclose this claim, they could and should have made it a party to that suit. This they did not do, and, as the plaintiff was not made a party to those suits, it is not bound by the judgments rendered therein, and the court should have so declared the law.

In the case of *Beiderman* v. *Parker,* 105 Ark. 86, 150 S. W. 397, it was said: "It is well settled that a judgment is only conclusive between the parties or their privies. (Citing cases). As we have already seen, the Robinson Lumber Company was not a party to the attachment suit before the justice of the peace, and it is well settled in this State that a judgment is evidence of nothing in a subsequent action between different parties, except that it had been rendered." (Citing cases).

The court should therefore have submitted to the jury the question whether the interveners did, in fact, have liens, and, to this end, instruction numbered 5 should have been given.

As the cause must be remanded, we take occasion to say that interveners are not entitled to liens unless services were performed by them in the manufacture of the lumber attached, and, if this lumber was inspected and taken up before their services were performed, as plaintiff contends, they have no liens on that lumber. As to the claim of Willson for a lien, it may be said that he has no laborers' lien for any part of the purchase price of the logs, nor has he a lien for services performed by others in hauling the logs, although he paid for that labor. The statute does not so provide. Sec-

tion 6848, C. & M. Digest. An instruction so declaring the law should have been given.

It is insisted by interveners that the court erred in submitting to the jury, in instruction numbered 7, given at plaintiff's request, the question whether plaintiff was an innocent purchaser of the lumber. This instruction reads as follows: "You are instructed that if, at the time the car of lumber was purchased by the Stout Lumber Company by virtue of its having checked the lumber and advanced $10 per thousand feet, and you find that the Stout Lumber Company had no notice of the claim for lien on the part of interveners at the time title passed to plaintiff, you will find for the plaintiff."

In support of this contention the case of *Bard* v. *Van Etten,* 72 Ark. 494, 82 S. W. 836, is cited. In that case it was held that "one who purchases property subject to a laborer's lien cannot claim to be a *bona fide* purchaser if he paid the entire purchase money by crediting the vendor with the same on his previous indebtedness to himself." But such, according to plaintiff's contention, are not the facts here. The contract between the plaintiff and Allen required advances to be made upon inspection, these advances being partial payments of the purchase price. The contract provides that the title shall pass upon these advances being made, such being the necessary effect and construction of the contract, and to evidence that fact it was provided that marks or symbols might be placed on the stacks of lumber inspected and advanced upon for purpose of identification. *Lee Wilson Co.* v. *Crittenden County Bank & Trust Co.,* 98 Ark. 379, 135 S. W. 885.

It was proper therefore to submit the question whether the plaintiff was an innocent purchaser. *Clark* v. *Wilson,* 171 Ark. 323, 284 S. W. 23.

For the errors indicated the judgment must be reversed, and the cause will be remanded for a new trial.